PEOPLE *v.* BOL

1. INFANTS—CRIMINAL LAW—INTERFERENCE WITH CUSTODY.
   The statute prohibiting interference with the custody of an adjudicated dependent, neglected or delinquent child applies both to interference with temporary custody under court order pending admission and reception at the final place of custody and to interference with the permanent custody of such a child (MCLA § 750.138).

2. EVIDENCE—EXCLUDED TESTIMONY—OFFER OF PROOF—COURT RULE.
   The examining attorney may, as a matter of right, make a specific offer of what he expects to prove from the witness's answer to a question propounded by him to which an objection has been sustained or may, by leave of the court, examine the witness in relation to the question (GCR 1963, 604).

3. INFANTS—CRIMINAL LAW—INTERFERENCE WITH CUSTODY—EVIDENCE—EXCLUSION—SEPARATE RECORD.
   Defendant charged with interfering with the custody of an adjudicated delinquent minor girl should have been allowed to make a special record of the erroneously excluded testimony of a court-appointed psychologist who had examined the girl

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4] 47 Am Jur 2d, Juvenile Courts § 29.
[2] 58 Am Jur, Witnesses § 563 *et seq.*

where her pretrial statements did not coincide with her trial testimony, her ability to fabricate the facts had a legitimate bearing on her credibility, and a professional opinion by an impartial witness regarding the credibility of her answers was relevant (GCR 1963, 604).

4. INFANTS—CRIMINAL LAW—INTERFERENCE WITH CUSTODY—PSYCHOLOGICAL EXAMINATION—EVIDENCE—PRIVILEGE—STATUTES.

Information obtained by a doctor from an examination of a person is not privileged unless a true doctor-patient relationship exists; consequently, where a minor delinquent complainant was ordered by juvenile court to submit to an examination by a court-appointed psychologist, the information thus obtained to be used by authorities in the disposition of complainant, such information was not within the statutory privilege and its exclusion on the ground of privilege was error in a prosecution for interfering with the custody of the complainant (MCLA §§ 338.1018, 712A.23).

Appeal from Kent, Claude Vander Ploeg, J. Submitted Division 3 December 4, 1969, at Grand Rapids. (Docket No. 6,202.) Decided April 24, 1970.

Peter Richard Bol was convicted of interfering with the custody of a minor. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Wesley J. Nykamp,* Assistant Prosecuting Attorney, for the people.

*Richard G. Leonard,* for defendant.

Before: GILLIS, P. J., and McGREGOR and QUINN, JJ.

McGREGOR, J. Defendant was charged with the crime of interfering with the custody of a minor,

pursuant to CL 1948, § 750.138 (Stat Ann 1962 Rev § 28.333). He was tried in circuit court on August 10, 1968, and the jury found him guilty as charged. Defendant appeals his conviction.

The victim in question was a 15-year-old minor, who had a history of being a runaway. On June 27, 1967, the Kent County probate court ordered her to be held in temporary custody of the juvenile court, and to remain in detention until placed in a suitable girls' school. On August 22, 1967, she was placed in the permanent custody of the Barat Home, a private institution.

Defendant was a shift supervisor at the Kent County children's home. The complainant was in that home for part of the interim period, between June 22 and August 22, 1967, during which time she became acquainted with the defendant. The minor testified that she looked to defendant for advice and thought of him as a "big brother."

After several weeks at the Barat Home, she decided to run away. She testified that she phoned the defendant and made arrangements with him to pick her up in Detroit at a friend's apartment the following day. Defendant was alleged to have driven the complainant and another girlfriend to Grand Rapids, where they stayed at his apartment until the girls found a place of their own. During the time the complainant was in Grand Rapids, she found various jobs as a babysitter, and lived with a prostitute. When she left this residence, she returned to the home of the defendant; he took her to her sister's home, and she subsequently surrendered herself to the juvenile authorities.

Defendant contends that his conduct, as charged, does not constitute a crime under CL 1948, § 750.138 (Stat Ann 1962 Rev § 28.333). The pertinent part of the information charging defendant reads:

"\* \* \* That on the 14th day of September, 1967, at the City of Grand Rapids, County of Kent, and on divers other times and days between that date and the 24th day of April, 1968, Peter Bol did unlawfully interfere or attempt to interfere with the legal custody of Barat Home having custody under order of Probate Court, Juvenile Division, of the County of Kent, over a delinquent child, to-wit: Bonnie Hudson, also known as Bonita Cyranowski, by aiding and assisting her in running away from the Barat Home and by harboring her in an apartment, and otherwise interfering with the custody of said minor child, contrary to the provisions of § 28.333 of Michigan Statutes Annotated, as amended \* \* \* ."

The statute reads:

"Any person who shall in any manner interfere or attempt to interfere with the custody of any dependent, neglected or delinquent child who has been adjudged to be such pursuant to Act No. 6 of the Public Acts of 1907, Extra Session, as amended, being sections 12834 to 12849, inclusive, of the Compiled Laws of 1929, subsequently to the making of an order of commitment to a state institution or otherwise, in accordance with said act and pending the actual admission and reception of such child as an inmate of the institution, school or home to which commitment is made; *and any person who shall entice such neglected, dependent or delinquent child from and out of the custody of the person or persons entitled thereto under the order of the court or who shall in any way interfere or attempt to interfere with such custody;* and any person who shall entice or procure any such child committed as aforesaid to leave and depart from any hospital or other place where such child may have been placed pursuant to the order of the court for the purpose of receiving medical treatment pending admission into the state institution, school, home or other institution or place to which commitment may have been made, shall be

guilty of a misdemeanor, punishable by imprisonment in the county jail not more than one year, or by fine of not more than 500 dollars." CL 1948, § 750.138 (Stat Ann 1962 Rev § 28.333). (Emphasis added.)

Defendant argues that a reading of the entire statute reveals that the legislative purpose is to make it unlawful to interfere with the custody of any dependent, neglected or delinquent child who has been adjudged to be such, pursuant to the juvenile court act, and who is in temporary custody, pending his admission and reception at the final place of custody. He asserts that inasmuch as the complainant was admittedly in her final place of custody at the time of the alleged offense, this would not constitute a crime under the statute.

Defendant attempts to add the word "interim" before the term "custody" and thereby preclude himself from being within the statute. He envisions the statute as protecting dependent, neglected or delinquent minors pending their admission or reception at a final place of custody, but not protecting them once they have reached their final place of custody. We cannot agree with defendant's conclusions. A minor delinquent is in need of protection against ill winds as much after the granting of permanent custody as during the interim period. His contention is without merit.

Defendant alleges error in the trial court's refusal to permit him to make a separate record of a witness's testimony, pursuant to GCR 1963, 604. The witness in question was a psychologist who had examined the complaining witness at the request of the juvenile court for the purpose of assisting the juvenile authorities. Defendant offered to make a special record pursuant to GCR 1963, 604, which reads:

"If an objection to a question propounded to a witness is sustained by the court, the examining attorney may make a specific offer of what he expects to prove by the answer of the witness, or by leave of court, may examine the witness in relation thereto. The court may require the offer to be made or the testimony taken out of the hearing of the jury. The court may add such other or further statement as clearly shows the character of the evidence, the form in which it was offered, the objection made and the ruling thereon."

A commentary on GCR 1963, 604, is provided in 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 377:

"Rule 604 provides alternative methods for making a record of excluded testimony, either by the examining attorney making a specific offer of what he expects to prove, or by examining the witness in relation thereto. The first alternative is available as a matter of right, whenever testimony has been excluded, or an objection to testimony has been sustained."

The commentary states further:

"It has always been understood that a party offering evidence which the court ruled to be inadmissible had a right to state on the record the substance of the proof that he proposed to produce."

The prosecution contended that the testimony would violate the privilege of CL 1948, § 712A.23 (Stat Ann 1962 Rev § 27.3178 [598.23]), which is designed to protect juveniles in the disposition of their cases with the authorities; the judge also added that this was privileged information between doctor and patient. MCLA § 338.1018 (Stat Ann 1969 Rev § 14.677[18]).

We hold that the defendant should have been allowed to make a special record of the psychol-

ogist's testimony. The trial transcript reveals that
the question of the complainant's credibility was
very much at issue. There is trial testimony as to
statements she is alleged to have made prior to
trial which, if made, did not coincide with her testi-
mony at trial. A professional opinion by an im-
partial witness regarding the credibility of her
answers would be relevant here. The complainant's
ability to fabricate the facts has a legitimate bear-
ing on her credibility.

Furthermore, we do not find the trial court's
objections to the doctor's testimony were well
founded. This Court concludes that there is no
basis for holding that a doctor-patient privilege
exists, since before such a finding, this Court must
conclude that there did exist a true doctor-patient
relationship. Here, the complainant was ordered
by the court to submit to the doctor's examination,
with information thus obtained to be used by the
authorities in the disposition of the complainant.

In light of *People* v. *Brocato* (1969), 17 Mich App
277, it does not appear that this information would
be barred as being privileged under the probate
code. Defendant in *Brocato* was charged with tak-
ing indecent liberties with a female under the age
of 16 years; defendant had sought and been refused
discovery of some juvenile records and psychiatric
reports relating to the complainant. The court
therein said:

"It would appear that under *People* v. *Smallwood*
(1943), 306 Mich 49, the complainant's experience
with juvenile authorities was a proper subject of
trial inquiry. Perhaps the records would contain
something that would have a legitimate bearing on
the credibility of the complainant. But we can only
guess because these records are not before us. We
suggest that before retrial of this case, the trial

judge inspect the juvenile records as well as the other materials requested by the defense, and after determining what portions should be discoverable to the defense, preserve a copy of what is refused in the event that his rulings are reviewed." *Brocato, supra,* 286. See also *People* v. *Coleman* (1969), 19 Mich App 250.

For the reasons herein stated, we reverse and remand.

All concurred.