PEOPLE *v* YACKS

1. CRIMINAL LAW—EXTRAJUDICIAL STATEMENTS—VOLUNTARINESS—QUESTION OF FACT.

> A trial judge sits as the trier of fact at a hearing to determine the voluntariness of a defendant's extrajudicial statements and, when confronted with a conflict in the testimony, the judge has the duty of determining the credibility of the witnesses and deciding whom to believe.

2. CRIMINAL LAW—EXTRAJUDICIAL STATEMENTS—ADMISSIBILITY.

> Statements of defendant in custodial interrogation, which placed him at the scene of the felony-murder charged, were admissible where the inculpatory statements were made after defendant was informed of his constitutional rights and before he told an interrogating officer that "everything I say is off the record".

3. CRIMINAL LAW—EXTRAJUDICIAL STATEMENTS—EVIDENTIARY HEARING—NONJURY TRIAL.

> A trial judge was not precluded from sitting as the trier of fact at both an evidentiary hearing to determine the volun-

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 1123.
[2] 29 Am Jur 2d, Evidence §§ 555–557.
What constitutes "Custodial interrogation" within rule of Miranda v Arizona requiring that suspect be informed of his federal constitutional rights before custodial interrogation. 31 ALR3d 565.
Accused's right to counsel under the federal constitution.—Supreme court cases. 18 L Ed 2d 1420.
Comment note.—Necessity of informing suspect of rights under privilege against self-incrimination, prior to police interrogation. 10 ALR3d 1054.
[3] 53 Am Jur, Trial § 19 *et seq.*
21 Am Jur 2d, Criminal Law § 234 *et seq.*
[4, 5] 58 Am Jur, Witnesses § 734 *et seq.*
Impeachment of witness by evidence or inquiry as to arrest, accusation, or prosecution. 20 ALR2d 1421.

tariness of defendant's extrajudicial statements and also as trier of fact at defendant's trial in chief where the judge at the evidentiary hearing heard only defendant's admissible statements and not any of defendant's inadmissible statements, because, under the facts, the defendant could not have been prejudiced by the trial judge's presiding at both proceedings.

4. CRIMINAL LAW—WITNESSES—IMPEACHMENT—JUVENILE RECORD.

A witness in a criminal prosecution may be impeached by showing his prior juvenile record, because no sound reason exists for excluding the history of a witness's juvenile offenses in a case not against the juvenile offender but against someone else whose liberty is at stake.

5. CRIMINAL LAW—WITNESSES—IMPEACHMENT—JUVENILE RECORD.

Restricting cross-examination of a key prosecution's witness regarding the witness's criminal record necessitates remand for a determination whether the record was a juvenile record where the limiting of cross-examination was based on the erroneous ruling that a witness could not be impeached by his juvenile record; if, on remand, it is determined that the witness had a juvenile record, the defendant is entitled to a new trial; however, if the witness had no record, the defendant's conviction will stand.

Appeal from Genesee, John W. Baker, J. Submitted Division 2 January 13, 1972, at Lansing. (Docket No. 10511.) Decided February 23, 1972.

Ricky G. Yacks was convicted of first-degree murder. Defendant appeals. Remanded with instruction.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*David I. Megdell,* for defendant on appeal.

Before: DANHOF, P. J., and T. M. BURNS and O'HARA,* JJ.

T. M. BURNS, J.   Defendant was convicted in a nonjury trial of felony murder contrary to MCLA 750.316; MSA 28.548.   He was sentenced to life imprisonment and brings this appeal as of right.

While in the custody of the police, the defendant, after being informed of his rights, at some point in the interrogation, stated that "everything I say is off the record".   At a *Walker* hearing, defendant maintained that he had asked that everything he said during the interrogation be off the record.   Detective Hatchew, an interrogating officer, contended that defendant stated that "everything is off the record" only after he had related sufficient facts to place himself at the scene of the crime.

The trial court, after listening to the testimony of both witnesses, determined that defendant's statement came only after he had already placed himself at the scene of the crime.   He therefore ruled that only the statements made thereafter were inadmissible.   The statements made subsequent to the request that everything be kept off the record were deemed inadmissible because the trial court found that defendant relied on certain promises by the policemen that the statements would not be used.

It is defendant's position that the prosecutor did not carry the burden of proving that the statements placing him at the scene of the crime were voluntary.   See *Miranda* v *Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR2d 974 (1966).   Present at the interrogation were Detectives Hatchew

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

and Kostka. Kostka testified that defendant had stated he wanted everything off the record. However, in response to leading questions by the prosecutor, Kostka stated that it was not defendant's first statement, and that he could not remember what led up to defendant's demand to keep his statements off the record.

The only individual present who stated that defendant gave the statements placing him at the scene of the crime subsequent to being advised of his rights and before stating that "everything is off the record" was Detective Hatchew. Defendant therefore contends that a finding that the statements were admissible is contrary to the weight of the evidence.

In denying defendant's motion for a new trial the court stated:

"At the *Walker* hearing on September 9, 1970, it was obvious to the court that Detective Hatchew had a better recollection of what transpired at the interrogation of defendant than did Detective Kostka as is evident from the portions of the transcript cited in defendant's brief at page eight. Detective Kostka could not remember exactly the sequence of the questioning or the request by the defendant.

"The court relies on Detective Hatchew's testimony in this respect."

At a *Walker* hearing, the trial judge sits as the trier of fact. Therefore, when confronted with a conflict in the testimony, as in the instant case, it is his duty to determine the credibility of the witnesses and arrive at his decision of whom to believe. The only issue at the *Walker* hearing was the credibility of the witnesses, and the record amply supports the trial judge's finding. *People* v *Stroble*, 31 Mich App 94 (1971).

Defendant next contends that under the Michigan Constitution the trial court is precluded from sitting as the trier of fact at both the *Walker* hearing and the trial in chief.

*People* v *Walker*, 374 Mich 331 (1965), requires that the issue of voluntariness of a confession is to be determined completely apart from and independent of the jury that determines the defendant's guilt or innocence.   Defendant therefore contends that one who waives a jury trial should be afforded the same independent determination of the voluntariness of his confession.

"Const 1963, art I, sec. 20, guarantees a defendant a right to trial by an 'impartial jury.'   On jury waiver, a judge 'shall proceed to hear, try, and determine such cause in accordance with the rules and in like manner as if such cause were being tried before a jury.'   CL 1948, § 763.4 (Stat Ann 1954 Rev § 28.857).   In effect, the statute places the same standard of impartiality on the judge as the constitution places on the jury." *People* v *Frazier Walker*, 24 Mich App 360, 361 (1970).

In the instant case the trial judge, while presiding at the *Walker* hearing, heard only the statements which he ruled were admissible.   All of the statements deemed inadmissible were not heard by the trial judge while sitting as trier of fact at the *Walker* hearing.

Since only the admissible testimony was ever heard by the trial judge, we fail to see how his impartiality could have been affected by his presence at the *Walker* hearing.   Had the judge heard a confession and then, after ruling that it was inadmissible, also sat as trier of fact at the trial in chief, then we would have to decide whether the defendant had been deprived of a fair trial.   Here, however, the trial judge heard nothing at the *Walker* hearing

that he did not hear again during the trial. Defendant neither shows prejudice nor any authority which would require us to reverse on this ground. We find his contention to be without merit.

Defendant also contends that the verdict is against the great weight of the evidence. Our review of the record reveals ample evidence to support the conviction. We consider this argument to be completely meritless and, therefore, will not discuss it further.

. Finally, defendant contends that the trial court committed reversible error in restricting defense counsel's cross-examination of a prosecution witness.

During trial, one William Lillieberg testified that defendant stated that he "shot a guy the night before at a gas station and wanted me to go with him while he hid the guns". Lillieberg further testified that defendant described the shooting at the gas station, the hiding of the guns on Hemphill Road, and the subsequent removal of the guns to a register in defendant's home. During cross-examination of Lillieberg, defendant's counsel asked him when he had reported the conversation between himself and the defendant to the police. Lillieberg stated that he reported the incident when he was arrested in February and defense counsel then asked, "What were you picked up for?" The prosecutor objected to the question, and the trial court sustained such objection ruling that the witness could not be impeached on a prior juvenile record. Defendant contends that the court erred in so restricting defense counsel's scope of cross-examination and that a denial of such cross-examination was a denial of defendant's constitutional rights under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

This Court, in *People v Davies,* 34 Mich App 19, 26 (1971), *leave to appeal denied* 385 Mich 773 (1971), stated:

"There is no sound reason for excluding the history of juvenile offenses in a case not 'against' the juvenile offender but against someone else whose liberty is at stake. If, as is the law, the jurors are entitled to know 'what manner of person the defendant is' if he takes the stand, surely they are also entitled to know what manner of person the people's chief witness is.

"In this connection it is relevant that our Court has held that a judge may consider a defendant's juvenile record in imposing sentence. Clearly, if the policy of the statute does not protect the juvenile against use of his juvenile record against him when he is sentenced for another crime, it is not so pervasive that it protects him against disclosure of his record when he is a witness—here the chief, perhaps an indispensable, witness—against someone else.

"The record does not show whether Brudna did in fact have a juvenile record. If he did, then Davies is entitled to a new trial."

Although *Davies* was decided after the trial in the instant case, we are in accord with the reasoning contained therein and hold that it is applicable to the instant case. Since Lillieberg was a key prosecution witness, the case must be remanded to the trial court for a hearing to determine whether or not witness Lillieberg did indeed have a juvenile record. If he did, then there must be a new trial since defendant should be able to impeach the credibility of so crucial a witness. If the witness has no record then, of course, defendant was not prejudiced and the conviction will stand.

Remanded to the trial court for proceedings in accordance with this opinion.

O'Hara, J., concurred.

Danhof, P. J., concurred in the result only.