PEOPLE v MEADOWS

OPINION OF THE COURT

1. CRIMINAL LAW—WITNESSES—IMPEACHMENT—JUVENILE RECORDS.
   The defendant in a criminal trial was entitled to use the juvenile
   record of a witness against him to impeach the credibility of
   the witness.

DISSENT BY LESINSKI, C. J.

2. CRIMINAL LAW—WITNESSES—JUVENILE RECORDS.
   *A witness's past as a minor may be brought before the court in
   evidence so long as it is not done by use of a juvenile record,
   but juvenile records as such are not admissible in evidence; the
   use of a juvenile record for impeachment purposes is barred
   (MCLA 712A.23).*

3. CRIMINAL LAW—WITNESSES—CREDIBILITY—JUVENILE RECORDS.
   *A trial judge applied the correct rule of law when he prevented
   the use of the juvenile record of a witness to impeach him as a
   witness against a defendant because the material conduct of an
   individual being examined as a witness can be used to impeach
   his credibility even though this conduct occurred while he was
   a minor, so long as it is not the juvenile record made in the
   probate court that is used to do so.*

Appeal from Recorder's Court of Detroit, Karl F.
Zick, J. Submitted Division 1 June 20, 1972, at
Detroit. (Docket No. 12936.) Decided April 26,
1973. Leave to appeal applied for.

Zerious Meadows was convicted of first-degree
murder. Defendant appeals. Reversed and re-
manded for new trial.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 58 Am Jur, Witnesses § 736.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: LESINSKI, C. J., and LEVIN and V. J. BRENNAN, JJ.

LEVIN, J. The defendant, Zerious Meadows, was convicted by a jury of first-degree murder. MCLA 750.316; MSA 28.548. The victims lost their lives in a house fire which the people claim and the jury found was started by the defendant. The defense was alibi.

The people's evidence tended to show that, shortly before the fire, the defendant, age 16 at the time, and other young men were on the grounds near the house.

Jeffrey Coleman, age 15 at the time of the trial, was acquainted with the defendant. He was described by the trial judge in his instructions to the jury as the people's "key-witness". Coleman testified that he observed the defendant ignite a rag hanging out of the mouth of a Coke bottle and throw the bottle against the house, and also saw him ignite a cushion which had been stuffed into a broken window of the house. No other witness so directly implicated the defendant as the instigator of the conflagration.

On cross examination Coleman acknowledged that he was then confined at the Wayne County Youth Home because he was AWOL from the Boys' Training School. He acknowledged that he had been to the youth home quite a number of

times. He was then asked whether he had been there "for any larcenies, or stealing". He responded, "yes". At this point, the prosecutor objected, and the jury was excused. The judge ruled that the defendant's lawyer could inquire regarding Coleman's record at the Boys' Training School but not with regard to any other contact with the Juvenile Court.

In *People v Davies,* 34 Mich App 19 (1971), *leave den* 385 Mich 773, we held that, while a person's history of juvenile offenses may not, under the statute, be used "against" him,[1] it is reversible error to prevent use of a witness's juvenile record to impeach his credibility when he testifies against someone else. Similarly, see *People v Basemore,* 36 Mich App 256 (1971), and *People v Yacks,* 38 Mich App 437, 443, where we further held that a defendant on direct appeal was entitled to the benefit of the rule stated in *Davies* even though the appealing defendant's case was tried before *Davies* was decided.[2] The defendant Meadows was entitled to use Coleman's juvenile record to impeach his credibility.[3]

---

[1] MCLA 712A.23; MSA 27.3178(598.23).

[2] *Davies* was decided May 21, 1971. Meadows' trial commenced September 1, 1971.

[3] *People v Farrar,* 36 Mich App 294 (1971), is distinguishable.

Firstly, there is nothing on this record "which tends to disclose the intent of performing an act of judicial discretion; hence there was no exercise thereof". *Hileman v Indreica,* 385 Mich 1, 17 (1971).

Moreover, it was brought out that one of the defendant Meadows' witnesses had been convicted on two occasions of committing a criminal offense. The judge charged the jury that it could consider such prior convictions of crime as bearing upon the weight and credibility to be given to the witness's testimony. The judge refused to give a like charge regarding juvenile witness Coleman.

Surely, the judge would not have exercised his discretion to allow evidence of prior conviction record to be used to impeach the credibility of a witness for the defendant but excluded evidence of prior conviction record when offered to impeach the credibility of a witness who testified against the defendant.

Secondly, as set forth in *Luck v United States,* 121 US App DC 151,

The other assignments of error are without merit.

The judge in his instructions merely repeated a concession made by defendant's lawyer. The judge clearly instructed the jurors that they could not find the defendant guilty unless they found all the essential elements· of the crime. There was no objection to the instructions given. There was no instructional error.

We likewise find without merit the claim that the instructions were prejudicially disjointed and confusing. Again, there was no objection. No error.

Reversed and remanded for a new trial.

V. J. Brennan, J., concurred.

Lesinski, C. J. *(dissenting).* The fundamental problem we face in this case is the interpretation of MCLA 712A.23; MSA 27.3178(598.23) governing the use of juvenile records. It has caused much division among the judges of our Court. Generally the division arose primarily over whether a judge could use a juvenile record in determining the degree of punishment to be meted out against a defendant after conviction in a court of criminal jurisdiction. See *People v McFarlin,* 41 Mich App 116 (1972), *leave granted* 388. Mich 761, and its progeny.

*McFarlin, supra,* reads MCLA 712A.23; MSA 27.3178(598.23) as barring the use of the juvenile record for any purpose except in subsequent cases against the same child under the act governing juveniles. As I view the matter, the problem arose

156; 348 F2d 763, 768 (1965), the situation of a defendant on trial and of a witness, who is not himself an accused person, are entirely different, insofar as the consequence *to the witness* of allowing the jury to hear derogatory information affecting the witness's credibility is concerned. A non-party witness does not lose *his* case if the jury decides on the strength of such information to disbelieve him.          .

because of a strained interpretation of MCLA 712A.23 to limit its prohibition only to evidence in a trial in which the party is a defendant. See *People v Coleman,* 19 Mich App 250 (1969); *People v Charles Williams,* 19 Mich App 544 (1969).

In the above mentioned cases the judges maintaining this reading of the statute held to allow a sentencing judge to enhance the punishment of a defendant if his juvenile behavior warranted it. I hold that giving full meaning to the statute which provides that juvenile records cannot be used against a person for any purpose except in a proceeding under the act governing juveniles prohibits such a practice. The statute does not preclude a sentencing judge from enhancing the punishment of a defendant based on the conduct, behavior, and antecedents of such a person as a minor so long as the information is developed without recourse to dispositions evidenced by the juvenile record.

The majority's reading of the statute governing the use of juvenile records now leads to a position that will grant this defendant a new trial. The strained reading of the statute to allow enhanced punishment predicated on juvenile conduct now works to give this defendant a new trial.

I find the ruling of the trial court was proper and not grounds for reversal in this cause. The evidence sought to be introduced is barred under the provisions of MCLA 712A.23; MSA 27.3178(598.23). The statute provides:

"A disposition of any child under this chapter, or any evidence given in such case, shall not in any civil, criminal or any other cause or proceeding whatever in any court, be lawful or proper evidence against such child for any purpose whatever, except in subsequent cases against the same child under this chapter."

Whether a juvenile record can be used to impeach a witness has been the subject of prior litigation in this state. The statute was first construed in *People v Smallwood,* 306 Mich 49 (1943). There the Supreme Court held that "juvenile records are not admissible". *Smallwood* clearly indicated that the juvenile record as such was not admissible in evidence; however, it did not prohibit a searching inquiry relative to the conduct and activity of any person while he was a minor subject to the act. Stated in another way, a person's past as a minor can be brought before the court in evidence so long as it is not done by use of a juvenile record. The statute does not limit the prohibition on the use of juvenile records to defendants as in the case of *Smallwood.* If an inquiry into a defendant's juvenile background can be made as to a defendant, as long as it is not the juvenile record that is used, so then the same rule must apply to witnesses who are not defendants.

The issue of the use of juvenile records for impeachment purposes was visited by our Court in several cases. *People v Brocato,* 17 Mich App 277 (1969); *People v Luther,* 20 Mich App 42 (1969); *People v Bol,* 23 Mich App 244 (1970); and *People v Davies,* 34 Mich App 19 (1971).

The opinion in *Davies* was authored by Judge Levin. A close reading of *Smallwood* reveals that the writer in *Davies* misread *Smallwood.* The language of *Smallwood* clearly bars the use of a juvenile record for impeachment purposes. In that case the Court dealt with a defendant who was being examined. However, the Court in its opinion creates no exception. It does intimate, however, that material conduct of an individual being examined as a witness can be used to impeach his credibility even though this conduct occurred

while he was a minor, so long as it is not the juvenile record made in the probate court that is used to do so. Nothing in the statute or case law of this state bars the use of proper evidence to show the bad conduct of an individual so as to attack his credibility as a witness against another.

Judge DANHOF who participated in the *Davies* opinion wrote a dissent with which I agree. He cites a Louisiana Supreme Court decision in *State v Kelly*, 169 La 753; 126 So 49 (1930), which supports this view.

Judge LEVIN again wrote to this issue in *People v Basemore*, 36 Mich App 256 (1971), and relying on *Davies* again, held it was reversible error to prevent use of a witness's juvenile record to impeach his credibility when he testifies against someone else.

In *People v Yacks*, 38 Mich App 437 (1972), the Court gave *Davies* retroactive application.

I find the trial court applied the correct rule of law when he prevented the use of the juvenile record of Coleman to impeach him as a witness against the defendant.

I agree with the majority that the other assignments of error are without merit. For the reasons stated above, the conviction should be affirmed.