PEOPLE v CHOATE

Docket No. 27550. Submitted October 10, 1978, at Detroit.—Decided
    January 16, 1979. Leave to appeal denied, 406 Mich 940.

   Algene Choate was charged with assault with intent to murder
    and convicted of assault with intent to do great bodily harm
    less than murder in the Recorder's Court for the City of
    Detroit, Michael J. Connor, J. Defendant appeals claiming
    errors in the jury instructions on self-defense, impeachment of
    a witness with a charge not resulting in a conviction, examina-
    tion of a 9-year-old witness regarding religious beliefs, failure
    to instruct on assault and battery and alleged prosecutorial
    misconduct. *Held:*

   1. The trial court's instructions regarding self-defense were
    not erroneous when read as a whole and with the evidence
    presented. The instructions given fit the defendant's theory of
    the case.

   2. It was harmless error to question the 9-year-old witness
    regarding felonious assault charges which had not resulted in a
    conviction since the witness denied having been convicted, the
    court repeatedly instructed the jury that evidence came from
    the statements of witnesses, not the questioning of attorneys,
    the prosecutor's questions were the result of a good faith but
    mistaken belief, the prosecutor did not belabor or pursue the
    issue any further, defense counsel did not object or seek a
    curative instruction, and since this one brief reference was
    insignificant when compared with numerous other references to
    this witness's assaultive behavior elicited by defense counsel or
    as part of the res gestae of the instant offense.

   3. The trial court's questioning of a 9-year-old witness regard-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 893, 894.
[2] 81 Am Jur 2d, Witnesses § 587.
    Impeachment of witness by evidence or inquiry as to arrest, accusa-
        tion, or prosecution. 20 ALR2d 1421.
[3] 5 Am Jur 2d, Appeal and Error § 808.
    81 Am Jur 2d, Witnesses § 433.
[4] 81 Am Jur 2d, Witnesses §§ 87-93.
[5] 6 Am Jur 2d, Assault and Battery § 57.
    40 Am Jur 2d, Homicide § 535.

ing his belief in God and Sunday school attendance was a proper inquiry into his sense of obligation to tell the truth as required by the statute regarding witnesses under ten years of age.

4. The trial court's refusal to instruct on assault and battery was not reversible error because of the rule which prohibits an instruction on lesser included offenses for which the maximum allowable incarceration period is one year or less in any case in which the charged offense is punishable by incarceration for more than two years.

5. The prosecutor's comments in closing argument in which he debated the wisdom of sending the defendant back into the community were improper but did not deny the defendant a fair trial when the prosecutor's arguments and conduct are viewed as a whole and because a cautionary instruction was given.

Affirmed.

1. APPEAL AND ERROR — JURY INSTRUCTIONS.

Jury instructions must be read as a whole on appeal and not extracted piecemeal from the transcript and assailed as reversible error.

2. WITNESSES — IMPEACHMENT — ARRESTS — CHARGES — CONVICTIONS.

Arrests and charges not resulting in a conviction may not be used for impeachment purposes.

3. WITNESSES — CRIMINAL LAW — PRIOR CHARGES — FAILURE TO CONVICT — HARMLESS ERROR.

A prosecutor's erroneous questioning of a witness concerning charges which did not result in a conviction was harmless error where the witness denied having been convicted, and the court repeatedly instructed the jury that evidence came from the statements of witnesses, not the questioning of attorneys, the prosecutor's questions were the result of a good faith but mistaken belief, he did not belabor or pursue the issue, defense counsel did not object or request a curative instruction, and the reference was insignificant when compared to the numerous other references to the witness's assaultive behavior elicited by defense counsel or as part of the res gestae.

4. WITNESSES — INFANTS — BELIEF IN GOD — OBLIGATION TO TELL TRUTH — STATUTES.

A trial court's questioning of a 9-year-old child regarding his belief in God and Sunday school attendance was not error

where such questioning took place as part of an inquiry into his sense of obligation to tell the truth as required by the statute regarding witnesses under ten years of age (MCL 600.2163; MSA 27A.2163).

5. CRIMINAL LAW — INSTRUCTIONS TO JURY — LESSER INCLUDED OFFENSES — ASSAULT AND BATTERY — ASSAULT WITH INTENT TO MURDER — MAXIMUM INCARCERATION.

A trial judge's refusal to give a jury instruction on the lesser included offense of assault and battery in a trial for assault with intent to murder was not reversible error because a jury on retrial could not be instructed any differently than they were at the original trial; case precedent prohibits an instruction on lesser included offenses for which the maximum allowable incarceration period is one year or less in any case in which the charged offense is punishable by incarceration for more than two years.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Rita Chastang,* Assistant Prosecuting Attorney, for the people.

*John A. Lydick,* Assistant State Appellate Defender, for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and D. E. HOLBROOK, JR., and N. J. KAUFMAN, JJ.

N. J. KAUFMAN, J. Defendant was charged with assault with intent to murder, in violation of MCL 750.83; MSA 28.278. Following a jury trial held October 15-27, 1975, defendant was convicted of assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, and was sentenced to a prison term of 3 to 10 years. He appeals as of right.

On appeal, defendant raises several claims of error. These deal with 1) instructions on self-de-

fense, 2) impeachment by a juvenile charge not resulting in conviction, 3) examination of a 9-year-old witness regarding religious beliefs, 4) failure to instruct on assault and battery, and 5) alleged prosecutorial misconduct. We find no reversible error and affirm the conviction.

I

Testimony at trial revealed that on July 1, 1975, defendant and his next-door neighbor, Lionel Beauchamp, got into a fistfight in the street in front of their homes. Some witnesses stated that defendant was the aggressor, while others placed the blame on Beauchamp. Most agreed, however, that after the two men had been fighting for a while, defendant's 13-year-old son Joey got a shotgun from the Choate residence and fired one or two shots at or near Beauchamp. Beauchamp then ran to his own front porch.

Defendant's testimony was that Beauchamp then advanced to the fence between the two lots, carrying a semiautomatic shotgun. According to defendant, Beauchamp proceeded to fire through the fence at defendant's 9-year-old son, Roger. Fearful for Roger's safety, defendant ran with him into the Choate residence.

Defendant stated that Joey Choate, who was already inside the house, then gave defendant a .30-caliber carbine. From the kitchen window, defendant saw Beauchamp on Beauchamp's front porch, loading and racking his semiautomatic shotgun.

Defendant testified that he and Roger both almost shot Beauchamp at this point, but defendant managed to restrain himself and to talk Roger out of shooting. Defendant's testimony continued:

"And at that point Lionel started to train the shotgun on the kitchen window right in front of where me and Roger were—we were by the kitchen window at the kitchen table—and when Lionel started this sweep with the gun towards the kitchen window I whipped up and fired. I was trying to shoot low at his hip but he kind of crouched when he fired and it caused the bullet to hit him a little higher.

"Q [by defense counsel:] Then what happened?

"A He fell down—".

## II

On appeal defendant contends that the trial court erred reversibly in instructing the jury that defendant had a duty to retreat. The court stated:

*"I also instruct you, members of the jury, that the law requires a person to avoid using deadly force if he can safely do so. If the defendant could have safely retreated but did not do so, his failure to retreat is a circumstance which you may consider together with all the other circumstances in determining in faith in repelling the danger then was justified in doing [sic].* However, on the other hand if the defendant felt he was in imminent danger of death or serious bodily harm and deadly force was immediately necessary to repell *[sic]* such danger, he was not required to retreat or consider whether he could safely retreat. He is entitled to stand his ground under those circumstances and use such form or force as he believes is necessary to protect his person at that moment."

Defendant emphasizes the italicized portion of the above instruction. He argues that the court should have stated that one attacked in his own dwelling has no duty to retreat. Because of this omission, defendant states, the jury never even got to the tougher issues of who was the aggressor and

whether the defendant used excessive force. We disagree with this analysis.

Jury instructions must be read as a whole, not extracted piecemeal from the transcript and assailed as reversible error. When the italicized portion, above, is read with the remainder of the quoted passage, with other instructions on self-defense,[1] and with the evidence in the case, there is no error.

We must not lose sight of the foundation for the rule that one attacked "in his home" has no duty to retreat. It was expressed by Judge Cardozo in *People v Tomlins,* 213 NY 240, 243-244; 107 NE 496; Ann Cas 1916c, 916 (1914), and quoted in *People v Lenkevich,* 394 Mich 117, 121-122; 229 NW2d 298 (1975):

"It is not now, and never has been the law that a

---

[1] The remainder of the self-defense instructions included the following:

"One of the defenses raised in this case is that the defendant acted in lawful self-defense. * * * A person who is threatened with an attack that justifies the exercise of the right of self-defense need not retreat.

"Before I get to that, let me go back. It is lawful for a person who is being assaulted to defend themselves from attack if, as a reasonable person, he has grounds for believing and does believe that bodily injury is about to be inflicted upon him. In doing so, he may use all force and means which he believes to be reasonably necessary and which appear to a reasonable person in the same or similar circumstances to be necessary to prevent the injury which appears to be imminent.

"In considering whether or not the defendant acted in self-defense, you should carefully consider all of the evidence in light of the following rule which I shall give you now. First, at the time of the act the defendant must honestly believe that he is in danger of being killed or receiving serious bodily harm. If he so believes he may immediately act and defend himself even to the extent of taking human life, if necessary. * * *

"Again, members of the jury, I do instruct you that the defendant is not required to prove that he acted in self-defense. The burden never shifts, the Prosecution has to prove it beyond a reasonable doubt and this includes the responsibility of proving that the defendant was not acting in self-defense."

man assailed in his own dwelling, is bound to retreat. If assailed there, he may stand his ground, and resist the attack. *He is under no duty to take to the fields and the highways, a fugitive from his own home.* * * * The rule is the same whether the attack proceeds from some other occupant or from an intruder. It was so adjudged in *Jones v State* [1884] (76 Ala 8, 14). 'Why,' it was there inquired, 'should one retreat from his own house, when assailed by a partner or co-tenant, any more than when assailed by a stranger who is lawfully upon the premises? *Whither shall he flee, and how far, and when may he be permitted to return?*' " (Emphasis added.)

The above rationale simply does not apply to the facts of this case: defendant in his own kitchen, being aimed at by a person with a shotgun outside defendant's property. Even if defendant believed he could run faster than a bullet, the best place for him to retreat to was obviously further inside his own home—not "to the fields and the highways" or any place else. When read as a whole, the instructions given fit defendant's theory of the case, which was that defendant shot Beauchamp because he honestly felt this was necessary to avoid death to himself or his children. In this situation, the court instructed, defendant had no obligation to retreat. We find no error.

### III

Defendant next asserts that reversible error occurred when the prosecutor questioned 9-year-old Roger Choate about a felonious assault conviction:

"Q *[by the prosecutor]:* Now let me ask you this. Do you remember on the July 26th, 1975, were you convicted of a felonious assault?
"A About what?

"THE COURT: Well, the question is, were you convicted of felonious assault in the Juvenile Court?

"A I think so. I don't know.

"MRS. RITTER *[defense counsel]:* He may not understand.

"THE COURT: Do you know what the term "conviction" is? Were you found guilty of a felonious assault?

"A No.

"THE COURT: You were not found guilty of it?

"A No.

"THE COURT: Were you placed on probation?

"A No.

We agree that the above was error. A 9-year-old child cannot be "convicted" of felonious assault, but can only be found to come within the provisions of the juvenile code. See MCL 712A.18; MSA 27.3178(598.18). While impeachment via a juvenile record is sometimes permitted in the court's discretion, see *People v Hawkins,* 58 Mich App 69; 226 NW2d 851 (1975), here there was no juvenile record, but apparently a charge which was later dismissed. Arrests and charges not resulting in conviction may not be used for impeachment. *People v Falkner,* 389 Mich 682, 695; 209 NW2d 193 (1973).

Despite these observations, we find no prejudice to defendant. In the first place, Roger Choate denied having been convicted, and the court repeatedly instructed the jury that evidence came from the statements of witnesses, not the questioning of attorneys. Secondly, the prosecutor's questions were apparently the result of a good faith but mistaken belief. The prosecutor did not belabor or pursue the issue any further, and defense counsel did not object or seek a curative instruction. Finally, this one brief reference in defendant's 8-day trial was insignificant when compared

with numerous other references to this witness's assaultive behavior, elicited by defense counsel or as part of the res gestae of the instant offense. For these reasons, we find the error harmless beyond a reasonable doubt. *People v Floyd,* 71 Mich App 462, 464; 248 NW2d 586 (1976).

## IV

Defendant also claims reversible error in the court's questioning of Roger Choate regarding his belief in God and Sunday school attendance. We find no error, since the questioning took place as part of an inquiry into Roger's sense of obligation to tell the truth, required by MCL 600.2163; MSA 27A.2163 for witnesses under ten years of age. *People v Booth,* 58 Mich App 466; 228 NW2d 425 (1975).

## V

Next, defendant alleges error in the trial court's refusal to instruct on the lesser-included offense of assault and battery. MCL 750.81; MSA 28.276. The evidence would have supported a conviction of this offense. Nevertheless, we will not reverse on this ground, because under the rule announced in *People v Chamblis,* 395 Mich 408, 429; 236 NW2d 473 (1975),[2] an assault and battery instruction could not be given on retrial. *People v Herbert Ross,* 73 Mich App 588; 252 NW2d 526 (1977). *Cf., People v*

---

[2] *Chamblis* held:

"In any case wherein the charged offense is punishable by incarceration for more than two years, the court, whether or not requested, may not instruct on lesser included offenses for which the maximum allowable incarceration period is one year or less." 395 Mich at 429.

Assault and battery is a 90-day misdemeanor; assault with intent to murder is a felony punishable by up to life imprisonment.

*Bryant,* 80 Mich App 428; 264 NW2d 13 (1978), *lv den,* 402 Mich 942 (1978).

## VI

Finally, defendant seeks reversal based on allegedly improper conduct by the prosecutor, the most serious instance being a colloquy in closing argument in which the prosecutor debated the wisdom of sending defendant back into the community. Defense counsel objected several times to this argument, and the court instructed the jurors that they should not decide the case on sympathy or on the basis of what would happen to the defendant.

We agree that the prosecutor's comments were improper. However, our examination of the prosecutor's argument and conduct as a whole, and the cautionary instructions given, has convinced us that defendant was not denied a fair trial. *People v Wheat,* 55 Mich App 559, 565; 223 NW2d 73 (1974).

Having found no reversible error, we affirm defendant's conviction.