# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

ZERIOUS MEADOWS,

Defendant-Appellee.

FOR PUBLICATION
March 28, 2017
9:00 a.m.

No. 334927
Wayne Circuit Court
LC No. 71-001558-01-FH

Before: M. J. KELLY, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

MURPHY, J.

This case arises out of defendant's conviction of first-degree murder, MCL 750.316, over 40 years ago, which crime was committed in 1970 when defendant was 16 years old, and the opinions issued by the United States Supreme Court in *Miller v Alabama*, 567 US __; 132 S Ct 2455; 183 L Ed 2d 407 (2012), and *Montgomery v Louisiana*, 577 US __; 136 S Ct 718; 193 L Ed 2d 599 (2016). On resentencing, the circuit court imposed a prison term of 25 to 45 years and then ordered defendant's release after giving him credit for over 46 years served. In two separate orders, this Court ultimately granted the prosecution's application for leave to appeal, stayed further proceedings, and prohibited defendant's release from custody. *People v Meadows*, unpublished order of the Court of Appeals, entered October 19, 2016 (Docket No. 334927); *People v Meadows*, unpublished order of the Court of Appeals, entered September 23, 2016 (Docket No. 334927). We vacate defendant's sentence and remand for resentencing.

Defendant, as a 16-year old, committed an act of arson in 1970 that resulted in the death of two children. In 1971, defendant was convicted of first-degree murder, but this Court reversed defendant's conviction and remanded the case for a new trial. *People v Meadows*, 46 Mich App 741; 208 NW2d 593 (1973). In 1975, defendant was once again convicted of first-degree murder. He was sentenced to life in prison without the possibility of parole. In 2012, *Miller* was released, wherein the Supreme Court held "that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.' " *Miller*, 132 S Ct at 2460. In response to *Miller*, our Legislature, pursuant to 2014 PA 22, enacted MCL 769.25 and MCL 769.25a, which address life-without-parole offenses committed by minors and the option of imprisonment for a term of years. MCL 769.25 applied to future convictions and certain past convictions with matters still pending or pending when *Miller* was issued. On the other hand, MCL 769.25a applied to closed cases where appeals had been exhausted or were no longer available, but only if the Michigan or

-1-

United States Supreme Court were to hold in the future that *Miller* was retroactively applicable. MCL 769.25a was eventually triggered when the Supreme Court issued its decision in *Montgomery*, concluding that the holding in *Miller* constituted a substantive rule of constitutional law that must be afforded retroactive applicability. *Montgomery*, 136 S Ct at 736. The parties here agree that MCL 769.25a governs in this case.

For purposes of resentencing, the prosecution did *not* file a motion seeking a "sentence of imprisonment for life without the possibility of parole." MCL 769.25a(4)(b). Instead, the prosecutor filed a notice, requesting the circuit court to impose a sentence for a term of years consistent with MCL 769.25a(4)(c), including a maximum sentence of 60 years' imprisonment. And MCL 769.25a(4)(c) provides that "[i]f the prosecuting attorney does not file a motion under subdivision (b) [asking for life without parole], the court shall sentence the individual to a term of imprisonment *for which the maximum term shall be 60 years* and the minimum term shall be not less than 25 years or more than 40 years." (Emphasis added.) The parties agree that this provision, MCL 769.25a(4)(c), controls, with defendant contending that it merely provides that the maximum term can be no more than 60 years. In a sentencing memorandum and at the resentencing hearing, defendant requested a sentence of 25 to 45 years' imprisonment. At the hearing, the prosecutor, while reminding the circuit court about the horrific nature of the crime, never really spoke to the question regarding the specific length of the prison term that should be imposed. However, as mentioned above, in its notice, the prosecution had requested the imposition of a sentence that was consistent with MCL 769.25a(4)(c), including a mandatory 60-year maximum sentence. Given that the prosecutor's stance was and is that the maximum sentence had to be set at 60 years under MCL 769.25a(4)(c), and considering that defendant had already served over 46 years, essentially making the minimum sentence irrelevant at this point, we can understand to a degree why the prosecution was not more vocal at resentencing, although it should have squarely disputed defendant's request for a 45-year maximum term. The circuit court imposed a sentence of 25 to 45 years' imprisonment.

We need not spend much time resolving this appeal; the circuit court's sentence was not permitted under the plain and unambiguous language of MCL 769.25a(4)(c). Upon de novo review relative to statutory construction, and appreciating that we must discern the intent of the Legislature by examining the plain language of the words used in the statute, *Driver v Naini*, 490 Mich 231, 246-247; 802 NW2d 311 (2011), MCL 769.25a(4)(c) cannot be any more clear – "the maximum term shall be 60 years." The statute does not state that the maximum term of imprisonment shall be "not more" than 60 years, which is how defendant is improperly interpreting MCL 769.25a(4)(c).[1] In sum, the circuit court erred in imposing a maximum sentence of 45 years.

---

[1] MCL 769.25(9), which does not apply, provides that "[i]f the court decides not to sentence the individual to imprisonment for life without parole eligibility, the court shall sentence the individual to a term of imprisonment for which the maximum term shall be not less than 60 years and the minimum term shall be not less than 25 years or more than 40 years." This provision reflects that the Legislature is more than capable of clearly indicating whether a maximum term

Vacated and remanded for resentencing.  We do not retain jurisdiction.

/s/ William B. Murphy
/s/ Michael J. Kelly
/s/ Amy Ronayne Krause

---

of imprisonment provides some room for the exercise of discretion, which is not the case with MCL 769.25a(4)(c).