## PEOPLE *v*. WHEATON.

CRIMINAL LAW—OPENING STATEMENT—PRIOR OFFENSE—EVIDENCE
—CREDIBILITY OF WITNESS.

In a prosecution for hunting and trapping for game without
a hunter's license, an assertion in the prosecutor's open-
ing statement that defendant had been guilty of the same
offense five days previously, and the admission of testi-
mony of said offense, *held*, to be error, which was not
cured by the court's instruction that said testimony was
admitted solely as affecting defendant's credibility, since
the statement was made and the testimony admitted be-
fore it was known that defendant would be a witness

Exceptions before judgment from Muskegon; Van-
derwerp, J. Submitted June 12, 1919. (Docket No.
96.) Decided July 17, 1919.

George Wheaton was convicted of hunting and trap-
ping without a license. Reversed.

*Willard G. Turner, Jr.*, for appellant.

*Alex. J. Groesbeck*, Attorney General, *Christian A.
Broek*, Prosecuting Attorney, and *Harry W. Jackson*,
Assistant Prosecuting Attorney, for the people.

MOORE, J. This case is here on exceptions before
sentence. The respondent was convicted of hunting
and trapping for game without having a hunter's
license, the hunting not being upon his own inclosed
land. The alleged unlawful hunting and trapping is
charged to have taken place on the 27th day of Feb-
ruary, 1918.

We quote from the brief of counsel for respondent:

"The propositions urged for reversal are divided
into four parts as follows:

"*First.* Errors in allowing the prosecuting attorney to make assertions in his opening statement to the jury which were incompetent, and only served to prejudice the respondent in the eyes of the jury.

"*Second.* Errors in allowing the prosecution to present proof of an entirely incompetent character, and particularly evidence which was connected solely with the commission of another offense, five days previous to the one on which the alleged offense in question occurred.

"*Third.* Error in ruling out the photographic copies of treaties between the United States and Chippewa tribes, of which the respondent was a member, certified as true copies by the assistant commissioner of Indian affairs.

"*Fourth.* Error in the instruction of the court to the jury in the charge made."

As to the third proposition the alleged copies of the treaties do not appear in the record, and we are unable to say whether this rejection is reversible error.

The other assignments of error may be considered together.

We quote from the opening statement of the prosecuting attorney:

"The testimony will show further, as bearing upon whether or not on this day in question he was hunting and trapping, the testimony will also show that on the 22d, five days prior to this time, Mr. Weilhamer met Mr. Wheaton in Muskegon township, and at that time Mr. Wheaton was actually spearing muskrats.

"*Mr. Turner:* If your honor please, I move that that be stricken out. This man is not being tried for something that happened five days prior to this offense.

"*The Court:* That is true.

"*Mr. Turner:* It can't but prejudice him in the eyes of the jury.

"*The Court:* It may, however, be material.

"*Mr. Broek:* If the court please, in the statement I attempted to show how we will connect it up with this offense on the 27th, as bearing upon the question of whether or not at this time he was hunting and trapping, because he was not caught in the act of

hunting and trapping at that time, and our proof will show—if I am permitted to say to the jury—our proof will show that on the time we allege he was violating this law he had exactly the same implements of hunting and trapping that he did have on this day five days prior, when he was caught in the act of spearing muskrats.

"*Mr. Turner:* I would like to object to that again, your honor, to get it on the record.

"*The Court:* The record will show your objection. Proceed.

"*Mr. Broek:* We will also show, gentlemen of the jury, that he was on the 22d, at this time having those same implements and tools and weapons, or whatever you want to call them, he was brought into justice's court and pleaded guilty to trapping and hunting without a license and was fined—

"*Mr. Turner:* I object to that also.

"*Mr. Broek:* —and then, five days later he was caught again in the same way, and that is the case you are to try now. We are not attempting to show that this first conviction on the 22d is an indication of his guilt, and we are not going to ask you to do that except as bearing upon his credibility as it might develop later in the trial, but we propose to show it, gentlemen of the jury, because the circumstances were the same as on the 27th and it might have a bearing upon the question of whether or not he was guilty at the time as charged on the 27th."

The people were allowed to give testimony against respondent's objection in keeping with the statement of the prosecutor which we have quoted.

The trial judge in his charge to the jury referred to this testimony as follows:

"Now, gentlemen, that has been introduced and has been admitted for the sole purpose of affecting the credibility of the respondent as a witness for himself, and as bearing upon the purpose for which he had with him on the days in question, that is, the 27th day of February last, the bag, spear and hatchet. He is not being tried for any other offense that he may have committed, but only upon the charge contained in the

information, to which I have already called your attention. You have the right to consider the testimony regarding the former hunting for game, the former arrest and conviction of this respondent, for the purpose for which it has been introduced and for no other purpose."

The opening statement of the prosecutor was made and the testimony was admitted before it was known that the respondent would be a witness. If it had not been admitted he might not have been sworn. It will be observed that the trial judge did not limit the use that might be made of this testimony to its bearing upon the credibility of the respondent.

In Tiffany's Criminal Law (4th Ed.), p. 529, it is said:

"Another general rule is, that the evidence offered must correspond with the allegations, and be confined to the point in issue. This rule supposes the allegations to be material and necessary. Surplusage, therefore, need not be proved. Where no criminality is alleged against a defendant, none can be proved. Nor is it competent for the prosecution to give evidence of facts tending to prove another distinct offense, for the purpose of raising an inference that the prisoner has committed the offense in question.

"Thus, in a trial for burglary, evidence that the defendant broke and entered the same house a few months previous to the breaking charged in the indictment, was held inadmissible as having no tendency to prove anything but the earlier offense, for which the defendant was not on trial. There being no connection between the two crimes, proving one had no tendency to prove the other. The admission of such testimony must manifestly prejudice the jury against the prisoner, while he cannot be expected to have made any preparation to meet such irrelevant charges. The rule of exclusion is more important in criminal than in civil cases, because the consequences of its violation are more serious, and the danger of conviction on irrelevant matter is more direct.

"The general rule in criminal cases is well settled that the commission of other, though similar, offenses

by the defendant cannot be proved for the purpose of showing that he was more likely to have committed the offense for which he is on trial, nor as corroborating the testimony relating to the principal offense."

We think the opening statement and the testimony of the commission of a previous offense were reversible error.

The conviction is set aside, and a new trial ordered.

BIRD, C. J., and OSTRANDER, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.