### PEOPLE *v.* LUTHER

EVIDENCE—CRIMINAL LAW—JUVENILE PROCEEDINGS—IMPEACHMENT.

Admissions by a juvenile in a non-criminal probate court waiver proceeding may not be used to impeach him in the subsequent criminal proceeding in the same case where he is tried as an adult.

Appeal from Recorder's Court of Detroit, Frank G. Schemanske, J. Submitted Division 1 October 10, 1969, at Detroit. (Docket No. 6,024.) Decided October 30, 1969.

John H. Luther was convicted by a jury of robbery armed. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur, Witnesses §§ 773, 774.

Appellate Lawyer, and *Luvenia D. Dockett*, Assistant Prosecuting Attorney, for the people.

*James A. Sullivan*, for defendant.

Before: Fitzgerald, P. J., and McGregor and V. J. Brennan, JJ.

Fitzgerald, P. J. This case brings before us a matter of first impression in the jurisprudence of the state. It may be stated simply: Is it error for the trial court to permit a defendant's impeachment by use of his prior testimony given at his juvenile court waiver hearing? Other matters raised on appeal are peripheral and will be disposed of by the action taken on this core question.

The defendant, John H. Luther, was convicted of the crime of robbery armed* in 1968 after a jury trial. The charge arose from an incident occurring in 1967 at a drugstore in Detroit. The defendant was arrested in Canada approximately two months after the robbery and, being under the age of 17 years, was placed under the jurisdiction of the Wayne County probate court. A hearing was held to determine whether or not jurisdiction would be waived to circuit court. The probate court, in its discretion, waived jurisdiction of defendant to the recorder's court of the city of Detroit where he was tried.

During the course of the trial, two incidents occurred relating to the indorsement of a witness and chastising defendant's counsel, outside the presence of the jury, to the point of the threat of a contempt citation. The matter with which we are most directly concerned, however, occurred when the defendant took the witness stand in his own defense. During

---

* MCLA § 750.529 (Stat Ann 1969 Cum Supp § 28.797).

the cross-examination of the defendant, the prosecutor sought to impeach him by use of testimony that had been given by the defendant before the probate court at the waiver hearing. Defense counsel objected to the use of this testimony and the objection was overruled by the court. A motion for mistrial was made on the ground that the court erred in allowing the prosecutor to use the testimony from the waiver hearing and on other grounds. The motion was denied.

On appeal, defendant's counsel cites CL 1948, § 712A.23 (Stat Ann 1962 Rev § 27.3178[598.23]) as preventing use of the probate court testimony of defendant for impeaching him.

"A disposition of any child under this chapter, or any evidence given in such case, shall not in any civil, criminal or any other cause or proceeding whatever in any court, be lawful or proper evidence against such child for any purpose whatever, except in subsequent cases against the same child under this chapter."

Counsel interprets this section as permitting the use of the testimony only in a subsequent case against the same child under this specific chapter of the probate code, i.e., the juvenile section, pointing out that it would not be permissible in proceedings in recorder's court. The people counter by stating that with attainment of age 15, the protective shield of the probate court is not absolute, but gives way upon a waiver to a trial court of general jurisdiction, arguing that all proceedings related to the one crime should be usable to the extent that it is admissible and specifically for impeachment purposes.

The trial court in its determination of the issue relied upon People v. Smallwood (1943), 306 Mich 49. We cannot see the corollary between the instant

case and the *Smallwood* case. In *Smallwood,* it was the complaining witness's credibility which was tested by the use of the juvenile waiver hearing testimony. The *Smallwood* court, however, provides us with an interpretation of the aim of the provisions in the statute respecting juveniles:

"[T]o hide youthful errors from the full gaze of the public and bury them in the graveyard of the forgotten past. *State* v. *Guerrero* (1942), 58 Ariz 421 (120 P2d 798). It prohibits the use of juvenile court proceedings or evidence obtained therein against a child in any other court to discredit him as one possessing a criminal history.   *   *   * However, in the present case there was no effort to impeach the child's character but rather to ascertain her credibility." (At p 53.)

To date, the question presented here has not been clearly answered. Since the opinion in *Smallwood,* the Michigan Supreme Court, and this Court, have treated only one case related to the question. In *People* v. *Roberts* (1961), 364 Mich 60, the Supreme Court said (by a divided court, and in a dissent for quashal of the information):

"We are not required by the facts of this case to decide whether a juvenile's confession or admission obtained during interrogation before juvenile court waiver of jurisdiction is ever admissible in a criminal court proceeding."

That case came up on appeal from an order denying a motion to quash the information at the conclusion of a preliminary examination which bound the 15-year-old defendant over for trial on the charge of murder. The equally divided court affirmed the judgment of the lower court. The case returned then to this Court on an appeal by the people following the granting of defendant's motion for a new

trial and for exclusion of the alleged confession. See *People* v. *Roberts* (1966), 3 Mich App 605. This case does not answer the question posed here, for the affirmance was grounded on the deprivation of defendant's right to due process in that he was not taken immediately to a juvenile court judge and not accorded the opportunity to obtain counsel.

These cases, although suggesting a policy with regard to certain aspects of juvenile court proceedings, do not go beyond *Smallwood.*

The most definitive pronouncement which we can find on this matter appears in *Harling* v. *United States* (1961), 111 App DC 174 (295 F2d 161). Therein it is stated:

"Moreover, if admissions obtained in juvenile proceedings before waiver of jurisdiction may be introduced in an adult proceeding after waiver, the juvenile proceedings are made to serve as an adjunct to and part of the adult criminal process. This would destroy the Juvenile Court's *parens patriae* relation to the child and would violate the non-criminal philosophy which underlies the Juvenile Court Act." (At p 177, 295 F2d 164.)

It is later stated:

"To avoid impairment of this function the juvenile proceeding must be insulated from the adult proceeding. This requires that admissions by a juvenile in connection with the non-criminal proceeding be excluded from evidence in the criminal proceeding. We hold this requirement applicable in this case and in all similar cases in the future."

We are impressed by the reasoning here that admissions by a juvenile in a supposedly non-criminal probate court proceeding should not be used against him in a subsequent criminal proceeding where he is tried as an adult. It seems to us that to

furnish an extra tool to the prosecution of a minor, not available in the adult felony prosecution, defeats the entire philosophy and purpose of the juvenile safeguards that we have in our statutes. There is an obvious distinction between impeaching a witness's credibility and impeaching a defendant with information obtained at a juvenile waiver hearing before the probate court.

While *Smallwood* remains good law in its factual context, we do not choose to extend it to include blanket coverage of a defendant's testimony for impeachment purposes. Accordingly, its admission must be considered reversible error.

The other matters raised on appeal, since they involve indorsement of a witness during the trial, and allied matters, and the conduct of counsel during the trial, need not be ruled upon in view of the fact that they will not arise again in the course of the new trial which we herein order.

Reversed and remanded.

All concurred.