PEOPLE *v*. TYRONE WILLIAMS

PEOPLE *v*. MARLIN

1. CRIMINAL LAW—WITNESSES—INCONSISTENT TESTIMONY—WEIGHT OF TESTIMONY.

Inconsistent testimony by the key prosecution witness, who allegedly drove defendants to the scene of an attempted armed robbery, regarding the dates when he saw defendants in possession of the gun which they used on the evening of the crime, was a factor to be considered by the jury in weighing the truth of this witness's testimony, but the testimony need not be stricken, because the witness's credibility had not been completely impeached.

2. CRIMINAL LAW—JUDGE'S COMMENTS—CURATIVE INSTRUCTIONS TO JURY.

Trial judge's comment during charge to jury in trial for assault with intent to commit robbery and assault with intent to commit great bodily harm "Now, if the man had died, it would have been murder", was not reversible error where the judge informed the jury that the reference he made to "the man" was only made in a "broad general sense".

Appeal from Recorder's Court of Detroit, John R. Murphy, J.   Submitted Division 1 November 8, 1971, at Detroit.   (Docket Nos. 11303, 11304.)   Decided December 8, 1971.

Tyrone Williams and James Marlin, Jr., were convicted of assault with intent to commit armed robbery and assault with intent to commit great

---

REFERENCES FOR POINTS IN HEADNOTES
[1]  58 Am Jur, Witnesses § 798 *et seq.*
[2]  58 Am Jur, Trial § 76 *et seq.*

bodily harm less than murder. Defendants appeal.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick. R. Carnovale,*
Chief, Appellate Department, and *Elliot B. Glicks-
man,* Assistant Prosecuting Attorney, for the peo-
ple.

*Frederick B. Bellamy,* for defendants on appeal.

Before: LESINSKI, C. J., and HOLBROOK and VAN
VALKENBURG,* JJ.

PER CURIAM. Defendants, Tyrone Williams and
James Marlin, Jr., were tried jointly by a jury and
convicted of assault with intent to commit armed
robbery, MCLA 750.89; MSA 28.284, and assault
with intent to commit great bodily harm less than
murder, MCLA 750.84; MSA 28.279. Both defend-
ants appeal as of right.

Defendants urge initially that the trial court com-
mitted reversible error in not striking from the rec-
ord the testimony of a key prosecution witness. The
witness, who alleged that he had driven defendants
to the scene of the attempted robbery, stated that he
had seen a gun used by defendants in their posses-
sion on the evening in question, April 24, 1970. On
cross-examination, witness Bush testified that de-
fendant had the gun "about the beginning of June".
On redirect examination, the witness again testified
that defendant had the gun before April 25. This
is not a case where the credibility of the witness was
completely impeached. Rather, the inconsistency in

---

* Former circuit judge, sitting on the Court of Appeals by as-
signment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the testimony of witness Bush was properly a factor to be considered by the jury in weighing the truth of his testimony. *People* v *White,* 31 Mich App 80 (1971); *People* v *Gray,* 23 Mich App 139 (1970).

Defendants also contend that the trial court committed error, while giving supplemental instructions, when it stated, "Now, if the man had died, it would have been murder". Notwithstanding defendant's arguments, this is not a case like *People* v *Wojnicz,* 12 Mich App 423 (1968), where the trial judge stated as a fact that which undisputed evidence tended to prove. Further, any prejudice which might have flowed from this statement was removed when the trial judge informed the jury that the reference he made to "the man" was only meant in a "broad general sense." As this Court stated in *People* v *Green,* 34 Mich App 149 (1971):

"It is axiomatic that the jury instructions must be considered in their entirety; error cannot be established by one phrase lifted from the whole charge, unless the phrase prejudices the entire charge."

There was no prejudice here, especially in view of the trial court's corrective instruction.

Defendant Marlin also claims that the trial court committed error in allowing an in-court identification to be made of him. Defendant argues that the identification was tainted by prior custodial exposure to the witness, because the witness, one of the victims of the attempted robbery, was unable to identify defendant Marlin in pictures one week after the incident, in a lineup three weeks thereafter, and at the preliminary examination. He then made a positive identification of defendant Marlin at trial.

However, there was no tainted out-of-court confrontation between defendant Marlin and the witness. He was represented by counsel at the two

lineups. *United States* v *Wade,* 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967). The trial court conducted a separate hearing to determine whether the lineup was "unnecessarily suggestive in nature when viewed 'within the totality of the circumstances' ". *People* v *Young,* 21 Mich App 684, 688 (1970). He concluded that it was not. The record fails to reveal that the trial judge erred in this conclusion. Thus, the weight to be given the in-court identification under the circumstances of this case was for the jury to determine. *People* v *Wright,* 35 Mich App 365 (1971); *People* v *Jordan,* 34 Mich App 360 (1971); *People* v *DuPuie,* 31 Mich App 14 (1971).

Affirmed.