PEOPLE v GOOLSBY

1. CRIMINAL LAW—WITNESSES—IMPEACHMENT—JUVENILE RECORD.

The apparent import of the statutory language precluding the use of a "disposition" or "any evidence" of a juvenile proceeding in a subsequent civil or criminal case "against such child for any purpose" is to prevent the use of evidence or a disposition rendered at a juvenile proceeding against the juvenile in a subsequent court following a waiver of jurisdiction by the juvenile court; when the juvenile becomes a witness rather than a defendant, the necessity for shielding him from his past diminishes (MCLA 712A.23).

2. CRIMINAL LAW—WITNESSES—IMPEACHMENT—JUVENILES.

The policy considerations supporting the use of prior recorded testimony of a witness, given at his juvenile hearing, and not his juvenile record, as an impeachment tool may well outweigh the competing considerations supporting the nondisclosure of a juvenile record where the juvenile is a witness rather than a defendant in a subsequent nonjuvenile criminal proceeding, especially when the juvenile character of the prior recorded testimony can be circumscribed without diminishing its impeachment value; a witness, whether an accuser or supporter, should not be permitted to shield his prior recorded testimony by the invocation of the statute prohibiting use of a disposition or any evidence of a juvenile proceeding in a subsequent case (MCLA 712A.23).

3. CRIMINAL LAW—WITNESSES—IMPEACHMENT—JUVENILE TESTIMONY.

The comparison of prior recorded testimony with present testimony creates a formidable vehicle for impeachment in a criminal prosecution when the outcome depends entirely upon the credibility of the proffered witness; the trial judge in a prosecution for murder, committed reversible error in withholding from the defendant the right to impeach a witness by the use of the witness's prior recorded testimony given in a juvenile proceeding.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 58 Am Jur, Witnesses § 736.

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J. Submitted Division 1 April 10, 1973, at Detroit. (Docket No. 14683.) Decided July 25, 1973.

Grady Goolsby was convicted of first-degree murder. Defendant appeals. Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Shere & Klein,* for defendant on appeal.

Before: Bronson, P. J., and R. B. Burns and Van Valkenburg,* JJ.

Bronson, P. J. Defendant was convicted by jury verdict of first-degree murder and sentenced to a prison term for his natural life. MCLA 750.316; MSA 28.548. From this conviction defendant appeals as a matter of right, raising three allegations of error: (1) did the trial judge commit reversible error by preventing defense counsel from impeaching a juvenile witness with his prior testimony given in a juvenile court hearing, (2) did the trial judge commit reversible error by preventing defense counsel from cross-examining a prosecution witness upon the existence of pending charges, and (3) was defendant denied a fair trial by the prosecutor's prejudicial comments in closing argument?

The factual background is as follows: Seltman

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Hayes, a juvenile, attended a party on December 29, 1967, at a friend's home where he played dice with defendant and several companions. One of the players expressed a need for money for the purpose of repairing his car, and a robbery was planned in which Hayes, defendant, and three others allegedly participated. Finding the first store occupied by too many customers, a grocery store was chosen as the target for the robbery. While defendant and another stood outside the store, Hayes while armed with a pistol furnished by a member of the group proceeded into the grocery store. Conflicting evidence was submitted upon the question of whether Hayes was subsequently joined in the store by defendant. Hayes' attempt to rob the store was aborted by the owner, Mr. Elias. As Hayes fled he fired a single shot which killed Mr. Elias. Based upon the evidence submitted, the jury found defendant guilty for his participation in the crime.

The first allegation presented for our consideration is whether the trial judge committed reversible error by preventing defense counsel from impeaching a juvenile witness with his prior testimony given in a juvenile court hearing. The trial judge ruled that the use of this type of prior recorded testimony for impeachment purposes was precluded by MCLA 712A.23; MSA 27.3178(598.23), which provides:

"*A disposition of any child* under this chapter, *or any evidence* given in such case, shall not in any civil, criminal or any other cause or proceeding whatever in any court, be lawful or proper evidence *against such child for any purpose whatever,* except in subsequent cases against the same child under this chapter." (Emphasis added.)

This statute, designed to shield juveniles from

the use of their juvenile record in subsequent adult proceedings, has received much attention by our courts. The statute's obvious proscription of the use of a defendant's juvenile record to impeach him is well documented. See, *e.g., People v Luther,* 20 Mich App 42; 173 NW2d 797 (1969); *People v Warren,* 23 Mich App 20; 178 NW2d 127 (1970); *People v Ball,* 33 Mich App 288; 187 NW2d 545 (1971). The applicable scope of this statute has been limited by more recent decisions of this Court permitting a witness's juvenile record to be used for impeachment purposes. *People v Davies,* 34 Mich App 19; 190 NW2d 694 (1971); *People v Basemore,* 36 Mich App 256; 193 NW2d 335 (1971); *People v Yacks,* 38 Mich App 437; 196 NW2d 827 (1972); *People v Meadows,* 46 Mich App 741; 208 NW2d 593 (1973); *People v Glover,* 47 Mich App 454; 209 NW2d 533 (1973).

With this backdrop of analogous precedent, we consider the present issue. The quoted language of the statute precludes the use of a "disposition" or "any evidence" of a juvenile proceeding in a subsequent civil or criminal case "against such child for any purpose". Notwithstanding the theoretical scope of the phrase "for any purpose", the apparent import of the critical phrases when combined is to prevent the use of evidence or a disposition rendered at a juvenile proceeding against the juvenile in a subsequent court following a waiver of jurisdiction by the juvenile court. When the focus of the non-juvenile proceeding changes from the juvenile to another, the applicability of the statute is seriously questioned. The necessity for shielding a juvenile from his past diminishes when he becomes a witness rather than a defendant. This rationale was developed and utilized in *People v Davies, supra,* and its progeny.

An evaluation of the competing policy considera-

tions indicates that the present issue presents the easier case. Defense counsel attempted to use the prior testimony of Hayes given during his juvenile hearing rather than his juvenile record for purposes of impeachment. This distinction is significant since the policy considerations supporting the use of prior recorded testimony as an impeachment tool may well outweigh the competing considerations supporting the nondisclosure of a juvenile record. Moreover, the juvenile character of this prior recorded testimony may be circumscribed without diminishing its impeachment value. Upon balance, we are not disposed to permit a witness, whether an accuser or supporter, to shield his prior recorded testimony by the invocation of the challenged statute.

The search for truth, as the avowed purpose of a criminal trial, mandates that a microscopic evaluation of the submitted testimony be conducted. When, as in the present case, the outcome depends entirely upon the credibility of the proffered witnesses, the comparison of prior testimony with present testimony creates a formidable vehicle for impeachment. Both the developing case law and a concern for the fair administration of justice support our interpretation which limits the effect of the challenged statute to juvenile defendants. This limiting construction of the statute is neither in derogation of its apparent scope or avowed purpose. Since the trial judge withheld a fundamental source of impeachment from defendant, we are constrained to reverse. A discussion of defendant's remaining allegations of error are precluded by this disposition. Accordingly, defendant's conviction is reversed and the case remanded for a new trial.

Reversed and remanded.

All concurred.