## PEOPLE v MONCURE

Docket No. 78-1415. Submitted October 11, 1979, at Detroit.—Decided
    December 6, 1979. Leave to appeal applied for.

Paul Moncure was convicted of first-degree murder and posses-
    sion of a firearm during the commission of a felony, Recorder's
    Court of Detroit, Calvin C. Rock, J. Defendant appeals. On
    appeal defendant contends that the evidence was insufficient to
    support a finding of murder and his motion for a directed
    verdict of acquittal should have been granted, that the court's
    charge omitted the element of malice from the jury's delibera-
    tions, that there was insufficient evidence to support a finding
    of premeditation and deliberation, that certain remarks by the
    prosecutor in his opening, closing and rebuttal statements were
    inflammatory and prejudicial, that his counsel's performance
    was ineffective and that the felony-firearm statute is unconsti-
    tutional. *Held:*

1. A combination of direct and circumstantial evidence was
    clearly sufficient to support a finding of defendant's guilt be-
    yond a reasonable doubt.

2. The court's charge on malice was almost a word-for-word
    rendition of the proposed criminal jury instruction on that
    subject. The charge was legally accurate.

3. *Premeditation and deliberation are established where a*

REFERENCES FOR POINTS IN HEADNOTES
[1] 30 Am Jur 2d, Evidence §§ 1080, 1170-1172.
[2] 52 Am Jur 2d, Malice § 7.
    75 Am Jur 2d, Trial § 719.
[3] 40 Am Jur 2d, Homicide §§ 52, 439.
[4] 29 Am Jur 2d, Evidence §§ 497, 600.
[5] 75 Am Jur 2d, Trial § 209.
    Reference by counsel for prosecution in opening statement to
        matters which he does not later attempt to prove as ground for
        new trial, reversal, or modification. 28 ALR2d 972.
[6] 75 Am Jur 2d, Trial § 260.
[7] 75 Am Jur 2d, Trial §§ 315, 317.
[8] 7 Am Jur 2d, Attorneys at Law §§ 168, 171.
    21 Am Jur 2d, Criminal Law § 315.

reasonable man has the time for a second look between his original thought and ultimate action. Trial testimony supplied ample evidence that defendant had the opportunity for a second look before the killing occurred.

4. In his opening statement the prosecutor stated that a certain witness would testify that defendant told her that "if the deceased ever left him he would kill her and then kill himself". The court did not allow the witness to testify regarding the statement because it ruled that an insufficient foundation was laid for it. Defendant's out-of-court statement is hearsay. Nevertheless testimony concerning it would have been admissible. At common law it would be allowable as an exception to the hearsay rule. Under the Michigan Rules of Evidence it is not considered a hearsay statement. Defendant's claim that he was denied a fair trial because the prosecutor's reference to the statement in his opening remarks to the jury was inflammatory and prejudicial does not provide sufficient grounds for reversal of his convictions.

5. Defendant objects to the prosecutor's statement in closing argument that, "He wanted her, he wanted her so badly that if he couldn't have her nobody else was going to". A prosecutor is entitled to comment on the evidence and to draw reasonable inferences therefrom. This sentence was at the end of a long statement summarizing the testimony from which one could reasonably infer the conclusionary statement. The statement when read in context with the total final argument was not error. The remaining comments which defendant claims were erroneously allowed to be made were not objected to at trial. Appropriate cautionary instructions would have cured any prejudice, therefore, failure to object bars appellate review.

6. Defendant's claim that his trial counsel's performance was ineffective is unpersuasive. Trial counsel performed unusually well in view of the strong evidence against the defendant. He conscientiously protected his client's interests.

7. The constitutionality of the felony-firearm statute has been upheld by the Supreme Court.

Affirmed.

1. CRIMINAL LAW — SUFFICIENCY OF EVIDENCE — DIRECTED VERDICT
— SUBMISSION TO JURY — GUILTY BEYOND REASONABLE DOUBT:
The test for determining if evidence was sufficient in a criminal case to warrant submission to a jury is whether the evidence is ample to sustain a finding of guilty beyond a reasonable doubt.

2. CRIMINAL LAW — MALICE — INSTRUCTIONS TO JURY.

A court's charge on malice is legally accurate where it is a word-for-word rendition of the Michigan Criminal Jury Instructions.

3. HOMICIDE — FIRST-DEGREE MURDER — PREMEDITATION AND DELIBERATION — "SECOND LOOK" — PRIOR RELATIONSHIPS — ACTIONS OF DEFENDANT — IMMEDIATE CIRCUMSTANCES — POST-HOMICIDE CONDUCT.

The premeditation and deliberation necessary in a first-degree murder prosecution are established by showing that a time span existed between the initial thought and ultimate action which could afford a reasonable man time to subject the nature of his response to a second look; the factors to be considered in determining whether an accused had an opportunity to subject his actions to a second look include: (1) the previous relationship of the parties, (2) the defendant's actions prior to the actual killing, (3) the circumstances of the killing itself, and (4) the defendant's conduct after the homicide.

4. EVIDENCE — HEARSAY RULE — OUT-OF-COURT STATEMENTS — ADMISSIBILITY — COMMON LAW — RULES OF EVIDENCE.

Hearsay is a statement, other than one made by the declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted; however, a defendant's admission or any other relevant out-of-court statement that he makes is admissible either as an exception to the hearsay rule or as not hearsay: (1) at common law, out-of-court statements made by a party to a lawsuit were hearsay but were allowable as an exception to the hearsay rule, (2) under the Michigan Rules of Evidence, a statement is not hearsay if the statement is offered by a party-opponent against a party to the lawsuit and it is the party's own statement in either his individual or representative capacity (MRE 801).

5. CRIMINAL LAW — PROSECUTING ATTORNEYS — OPENING STATEMENTS — UNSUBSTANTIATED REMARKS — GOOD FAITH REMARKS — APPEAL AND ERROR.

A reference by a prosecuting attorney in his opening statement that something will be proved, but which is not later proved, is not grounds for reversal if the statement is made in good faith.

6. CRIMINAL LAW — EVIDENCE — PROSECUTOR'S REMARKS — REASONABLE INFERENCES — CLOSING ARGUMENT.

A prosecutor is entitled to comment on the evidence and draw reasonable inferences therefrom and he is free in final argument to relate the facts to his theory of the case.

7. APPEAL AND ERROR — CRIMINAL LAW — ARGUMENT OF PROSECUTOR
   — IMPROPER ARGUMENT — PREJUDICE — CAUTIONARY INSTRUC-
   TION.

   Failure to object to a prosecutor's comments in closing argument
   will bar appellate review where a cautionary instruction in all
   likelihood would have cured any prejudice caused by the re-
   marks.

8. CRIMINAL LAW — ATTORNEY AND CLIENT — EFFECTIVE ASSISTANCE
   OF COUNSEL.

   A defendant is not denied effective assistance of counsel where
   his attorney performed at least as well as a lawyer with
   ordinary training and skill in criminal law and conscientiously
   protected his client's interests.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Brian Marzec,* Assistant Prosecuting Attorney, for the people.

*Morris H. Berris (Raymond L. Miller,* of counsel), for defendant on appeal.

Before: ALLEN, P.J., and BASHARA and BEASLEY, JJ.

PER CURIAM. We are asked to decide, *inter alia,* whether a statement made by the defendant to a third party who is called by the prosecution to testify at trial is hearsay as defined by MRE 801. Charged with first-degree murder contrary to MCL 750.316; MSA 28.548, and possession of a firearm during the commission of a felony in contravention of MCL 750.227b; MSA 28.424(2), defendant was convicted by a jury on February 3, 1978. He appeals of right, alleging five grounds for reversal.

1. Defendant contends the evidence is insufficient to support a finding of murder and that the trial court erred in denying his motion for a directed verdict of acquittal. The test for determin-

ing if evidence was sufficient in a criminal case to warrant submission to the jury is whether the evidence is ample to sustain a finding of guilty beyond a reasonable doubt. *People v Williams,* 368 Mich 494, 501; 118 NW2d 391 (1962), *People v Johnson,* 83 Mich App 1, 16; 268 NW2d 259 (1978).

We find the evidence ample. There was eyewitness testimony that the defendant fired the shots which killed the decedent. There was testimony that the defendant and decedent had been involved in a love affair, and that the decedent had broken it off. The murder weapon was found a few feet away from the place where the defendant was found. He had shot himself. It could be reasonably inferred that the killing and attempted suicide were the unhappy resolution of the love affair. Finally, there was testimony that the defendant left his residence on September 12, 1977, the morning of the murder, at 12 a.m. and returned around 4 a.m. The murder occurred at approximately 3 a.m. This combination of direct and circumstantial evidence was clearly sufficient to support a finding of guilty beyond a reasonable doubt. *People v Edgar,* 75 Mich App 467; 255 NW2d 648 (1977).

2. The defendant next contends the court's charge omitted the element of malice from the jury's deliberations on the first-degree murder charge. This is simply inaccurate. The court's charge on malice was almost a word-for-word rendition of proposed CJI 16:2:01(2). The charge was legally accurate.

3. We are not persuaded by defendant's claim that there was insufficient evidence to support a finding of premeditation and deliberation. To establish premeditation and deliberation it is necessary to show that a time span existed between the

initial thought and ultimate action which could afford a reasonable man time to subject the nature of his response to a "second look". *People v Tilley,* 405 Mich 38, 45; 273 NW2d 471 (1979). In *People v Meadows,* 80 Mich App 680, 691; 263 NW2d 903 (1977), we said:

"Factors to be considered in determining whether the accused had an opportunity to subject his actions to a second look include: (1) the previous relationship of the parties, (2) the defendant's actions prior to the actual killing, (3) the circumstances of the killing itself, and (4) the defendant's conduct after the homicide."

One witness, a fellow employee of the deceased, testified that on the night of the shooting he had driven the deceased home following work, that he was followed by defendant's car, that while he and deceased were parked outside deceased's home, the defendant drove very slowly past their parked car and then came back a third time as the witness and deceased were walking toward deceased's doorway; that defendant then fired four shots, killing the deceased. This testimony supplies ample evidence that the accused had the opoortunity of a second look.

4. Certain remarks made by the prosecutor in his opening, closing and rebuttal statements are characterized as having been erroneously allowed. In his opening statement the prosecutor stated that a certain witness whom he would call, Ms. Shields, would testify that the defendant told her "if the deceased ever left him (defendant) he would kill her (deceased) and then kill himself". No objection was made at the time but later, when Ms. Shields was called as a witness, objection was made. The jury was excused and the defense argued that the intended statement was hearsay.

The prosecution argued the statement was admissible under the "party admission" rule set forth in MRE 801 d(2). The trial court sustained the objection on the grounds that, because Ms. Shields could not remember the dates when the statements were made, an insufficient foundation was laid for admission into evidence. Defendant contends on appeal that even though the testimony was disallowed, the prosecution's very reference to it in his opening statement was inflammatory and prejudicial.

Resolution of the question raised requires our interpretation of MRE 801 defining hearsay. The relevant portion of that rule reads:

"The following definitions apply under this article:

"(a) Statement. A 'statement' is (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by him as an assertion.

"(b) Declarant. A 'declarant' is a person who makes a statement.

"(c) Hearsay. 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

"(d) Statements which are not hearsay. A *statement* is not hearsay if—

\* \* \*

"(2) *Admission by party-opponent.* The *statement* is offered against a party and is (A) his own statement, in either his individual or a representative capacity, \* \* \*." (Emphasis supplied.)

Since the statement was not made by defendant while testifying at trial and since it was offered by the prosecution to prove the truth of the matter asserted, *viz.*—he would kill the deceased if she left him—it clearly falls within subsection (c) as

hearsay. The next question is whether it becomes "not hearsay" by subsection (d)(2). Except for language not relevant to the question before us, MRE 801(d) is identical with the Federal rule. Considerable light is shed on the scope and meaning of (d)(2), commonly known as the party-opponent admission rule, in Saltzburg & Redden, Federal Rules of Evidence Manual, (2d ed), 454-470.

Based on the extensive comments found in that text, we find that subsection (d)(2) is a statement of the common-law exception to hearsay rule. At common law, out-of-court statements made by a party to a lawsuit were hearsay but were allowable hearsay. *Id.* 459-460. The only difference between the common-law rule and subsection (d)(2) is that the former was treated as an exception to the hearsay rule while the latter treats it as "not hearsay".

We also glean from that text that the out-of-court statements of a defendant are not limited to "admissions" as that word is commonly understood to mean but refers to all statements made by defendant. This fact and the rationale therefor is succinctly stated in 4 Wigmore, Evidence (3d ed), § 1048, pp 4-5:

"The theory of the hearsay rule is that an extrajudicial assertion is excluded unless there has been sufficient opportunity to test the grounds of assertion and the credit of the witness, by cross-examination by the party against whom it is offered; e.g., if Jones had said out of court 'The party-opponent Smith borrowed this fifty dollars,' Smith is entitled to an opportunity to cross-examine Jones upon that assertion. But if it is Smith himself who said out of court, 'I borrowed this fifty dollars,' certainly Smith cannot complain of lack of opportunity to cross-examine himself before his assertion is admitted against him. Such a request would be absurd. Hence the objection of the hearsay rule falls away, because the very basis of the rule is lacking, viz.,

the need and prudence of affording an opportunity of cross-examination.

"In other words, the *hearsay rule is satisfied;* Smith has already had an opportunity to cross-examine himself; or (to put it another way) he now as opponent has the full opportunity to put himself on the stand and explain his former assertion.

"The hearsay rule, therefore, is not a ground of objection when an opponent's assertions are offered *against* him; in such case, his assertions are termed admissions."

Though finding fault with the rationale of the rule,[1] McCormick, Evidence (2d ed), § 145, p 311, agrees that out-of-court statements by a defendant may be admitted into evidence:

"Whether considered not to be hearsay, or hearsay but the subject of an exception, there seems to be general agreement that the prosecution may introduce in a criminal trial *any relevant out-of-court statement of the defendant."* (Emphasis added.)

Based on the foregoing authority we are persuaded that defendant's statement to Ms. Shields was at common law an exception to the hearsay rule and under MRE was not hearsay. This being so, it should have been admitted into evidence. The fact that Ms. Shields could not recite the

---

[1] "Since both criminal defendants and parties to civil litigation are available for explanation, the argument goes, the rationale for the rule does not apply. There are several weaknesses in this explanation. First, historically these out-of-court statements were admissible before a party to a civil suit or an accused in a criminal proceeding became a competent witness. Thus the rule would have preceded its justification. Second, it is clear that the Fifth Amendment privilege against compulsory self-incrimination recognizes a right on the part of a criminal defendant to decline to submit to either direct or cross-examination at trial. Justification of an exception to the hearsay rule on the availability of the opportunity to waive this right may be inconsistent with the solicitude with which the privilege has recently been treated."

precise date when the statement or statements were made goes to the weight and not the admissibility of the evidence. Though not necessary for purposes of our decision we also note that a reference by the prosecutor in his opening statement that something will be proved, but which is not later proved, is not grounds for reversal if the statement is made in good faith. *People v Davis,* 343 Mich 348, 357; 72 NW2d 269 (1955), *People v Joshua,* 32 Mich App 581, 586; 189 NW2d 105 (1971). Given the complexity of the hearsay rule and the numerous exceptions thereto, we cannot say that the prosecutor acted in bad faith when, on opening statement, he referred to what Ms. Shields would say.

Defendant objects to several statements made by the prosecutor on final argument. In particular, defendant refers to the statement, "He wanted her, he wanted her so badly that if he couldn't have her nobody else was going to". Of course, had Ms. Shields been allowed to testify about the defendant's threat, the statement would have been clearly supported by the testimony. But quite apart from that, the statement, when read in context with the total final argument, was not error. It was the conclusionary sentence of a long statement summarizing the testimony from which one could reasonably infer the conclusionary statement. *People v Robert Hall,* 56 Mich App 10; 223 NW2d 340 (1974).

The remaining prosecution comments on closing argument which the defendant claims were erroneously allowed were not objected to at trial. Appropriate cautionary instructions would have cured any prejudice, assuming, *arguendo,* that the remarks were prejudicial. Under these circumstances, reversal is not appropriate. *People v Tarp-*

*ley,* 41 Mich App 227, 232; 199 NW2d 839 (1972), *People v Hernandez,* 84 Mich App 1, 19; 269 NW2d 322 (1978).

5. We disagree with the claim that trial counsel's performance was ineffective. Given the strong evidence against defendant, we find trial counsel performed unusually well. At preliminary examination he eliminated most of the testimony concerning defendant's threats toward the deceased. At trial, he succeeded in preventing the otherwise damaging testimony of Ms. Shields. That counsel performed at least as well as a lawyer with ordinary training and skill in criminal law and conscientiously protected his client's interests—this being the standard laid down in *People v Hanna,* 85 Mich App 516, 523; 271 NW2d 299 (1978), for effective assistance of counsel—is evidenced by the following statement of the trial court upon sentencing:

"I want to say before sentence is imposed that I was particularly impressed by the skill with which your attorney conducted this trial, and I think it was reflected in the period of time that it took the jury to deliberate.

"He did a very thorough job, I feel, defending every avenue that he possibly could.

"The witnesses, however,—It was a situation, I feel, the most compelling evidence for the jury."

6. Defendant's final assertion of error is that the felony-firearm statute, MCL 750.227b; MSA 28.424(2), is constitutionally infirm on grounds of double jeopardy. That claim was rejected and the statute upheld in *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979). No more need be said on this issue.

Affirmed.