PEOPLE v BELENOR

Docket No. 61185. Decided March 31, 1980. On application by the defendant for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the judgments of the Court of Appeals and the circuit court, and remanded the case to the circuit court for a new trial.

Richard Belenor was convicted by a jury in Calhoun Circuit Court, Ronald M. Ryan, J., of first-degree murder and armed robbery. The prosecutor called an alleged accomplice of the defendant, Donnie Bolden, as a res gestae witness, and defense counsel objected on the ground that Bolden had been adjudicated as mentally ill by the Calhoun County Probate Court. The trial court, after a hearing on the issue at which Bolden was the only witness, determined that he was competent to testify. Bolden, who had been granted immunity from prosecution, testified that he had committed the robbery with "Frank Nitti and Al Capone", and the prosecutor was permitted to impeach him with a prior inconsistent statement that implicated the defendant, although Bolden had testified at a first trial (which resulted in a mistrial) that the defendant was not involved, and had reaffirmed this to the prosecutor the day before his testimony in the second trial. The Court of Appeals, R. B. Burns, P.J., and M. J. Kelly and S. S. Hughes, JJ., affirmed the conviction (Docket No. 26516). Defendant applies for leave to appeal. *Held:*

The people have no duty to call an accomplice as a res gestae witness, and may not call him and then impeach him; there can be no doubt that Bolden was thought to be an accomplice. The prosecutor knew that Bolden's testimony would be inconsistent with his prior statement. Considering the facts in this case it cannot be said that the error was harmless beyond a reasonable doubt.

The judgments of the Court of Appeals and the circuit court are reversed, and the case is remanded to the circuit court for a new trial.

71 Mich App 10; 246 NW2d 355 (1976) reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *J. Thomas Schaeffer,* Special Prosecutor, for the people.

State Appellate Defender (by *Domnick J. Sorise)* for defendant.

PER CURIAM. At the defendant's trial on charges of murder in the first degree and armed robbery, the prosecutor, over defense counsel's objection, was permitted to call as a witness an alleged accomplice who had a history of mental illness. The prosecutor knew prior to calling this witness that the witness would give testimony which contradicted a prior statement the witness had made. Nevertheless, the prosecutor was permitted to impeach this witness with the prior inconsistent statement. We find this course of action to have been improper and we reverse.

I

The defendant was convicted by a jury in Calhoun Circuit Court on charges of first-degree murder and armed robbery. He received a life sentence as to each conviction. The charges were based on an event which occurred on May 18, 1971 in the Corner Post Restaurant in Battle Creek. Shortly after 11 p.m. four persons robbed the restaurant and one of those persons shot and killed a patron. It was alleged that the defendant was the person who did the shooting.

After the defendant's convictions, two subsequent motions for new trial were denied. Ultimately the Court of Appeals affirmed the convictions. 71 Mich App 10; 246 NW2d 355 (1976).

## II

At trial, the prosecutor called Donnie Bolden, an alleged accomplice of the defendant, as a witness. An error of reversible proportions was committed during the course of that testimony. The prosecutor contended, and the trial court agreed, that there was a duty to call Bolden as a res gestae witness. This contention is patently incorrect. There is no duty to call accomplices as res gestae witnesses. *People v White,* 401 Mich 482; 257 NW2d 912 (1977). There can be no doubt that Bolden was thought to be an accomplice. In fact, Bolden had been given total immunity with respect to this offense.

Sometime after the crimes in question were committed, Bolden gave a statement to the police in which he implicated the defendant. However, it was clear to the prosecutor that Bolden's trial testimony would be inconsistent with that prior statement. At defendant's first trial, which was declared a mistrial, Bolden had testified that the defendant was not with him at the scene of the crime, and the day before his testimony in the instant trial Bolden reaffirmed to the prosecutor that defendant was not involved in this crime. Nevertheless, the prosecutor called Bolden to the witness stand and after Bolden indicated that he had been accompanied during the commission of these offenses by "Frank Nitti and Al Capone", the prosecutor was permitted to impeach Bolden by virtue of the prior inconsistent statement in which he had implicated the defendant.

Three things are clear: 1) Bolden was perceived to be an accomplice and the prosecutor was therefore under no duty to call him as a witness; 2) Bolden was impeached by virtue of a prior inconsistent statement; and 3) the prosecution was on

notice as to what Bolden's trial testimony would be. The situation here is extremely similar to that present in *People v White, supra.* For the same reasons we expressed in *White* we reverse here. Considering the facts in this case we cannot declare a belief that the error was harmless beyond a reasonable doubt. *People v Robinson,* 386 Mich 551; 194 NW2d 709 (1972).

Accordingly, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we reverse the judgment of the Court of Appeals and that of the Calhoun Circuit Court and remand the matter to the Calhoun Circuit Court for a new trial.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.