PEOPLE v PENNINGTON

Docket No. 50155. Submitted January 5, 1982, at Grand Rapids.—
Decided March 2, 1982. Leave to appeal applied for.

Daniel Pennington was charged with assault with intent to rob,
assault with intent to murder and armed robbery and was
convicted by a jury in Berrien Circuit Court, Chester J. Byrns,
J., of the two assault charges. Defendant was a juvenile at the
time of the two robberies giving rise to the charges and the
probate court waived jurisdiction to the circuit court. Defen-
dant appeals by leave granted, claiming error as a result of
remarks of the prosecutor in his opening statement, the failure
of the trial court to suppress an in-court identification of
defendant and the use at trial of testimony given by a witness
at the probate court hearing on the question of whether juris-
diction should be waived to circuit court. *Held:*

1. The failure by defendant to object to the prosecutor's use
of the phrase "night of terror" in the opening statement
precludes appellate review in the absence of a showing that a
miscarriage of justice occurred. Since the prosecutor was not
appealing to the jury to convict defendant as a civic duty and
any prejudice could have been cured by a cautionary instruc-
tion, the prosecutor's characterization of the events surround-
ing the crimes does not mandate reversal.

2. Since there was no showing that the pretrial identification
procedures were improper or unnecessarily suggestive, the trial
court was not required to hold an evidentiary hearing to
determine whether there was an independent basis for the in-
court identification. In the absence of improper or suggestive

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 624.

[2] 5 Am Jur 2d, Appeal and Error §§ 624, 625.

[3] 29 Am Jur 2d, Evidence §§ 371, 372.
81 Am Jur 2d, Witness § 658.

[4] 75 Am Jur 2d, Trial § 209.

[5, 6] 81 Am Jur 2d, Witness § 67.
Witness refusal to testify on ground of self-incrimination as justify-
ing reception of evidence of prior statements or admissions. 43
ALR3d 1413.

pretrial identification procedures, the fact that a witness was unable to identify defendant prior to trial goes to the credibility not the admissibility of the in-court identification of such witness.

3. The prosecutor's opening statement that the jury would hear the testimony of the codefendant was not made in bad faith since the jury did hear that testimony as given at defendant's waiver hearing as read from the transcript after the codefendant refused to testify on the basis of his right against self-incrimination.

4. Testimony given by a witness at a juvenile waiver of jurisdiction hearing may be used at the subsequent trial in circuit court.

Affirmed.

1. PROSECUTING ATTORNEYS — PROSECUTOR'S REMARKS — PRESERVING QUESTION — APPEAL.

Failure to object during trial to allegedly prejudicial remarks made by a prosecutor during his opening statement precludes appellate review on that issue unless a miscarriage of justice would result.

2. PROSECUTING ATTORNEYS — PROSECUTOR'S REMARKS — APPEAL.

The Court of Appeals will examine the prosecutor's argument and conduct and the likelihood that a cautionary instruction could have eradicated the prejudicial effect of the prosecutor's remarks if a timely objection had been made at trial in determining whether the prosecutor's remarks in an opening statement resulted in a miscarriage of justice.

3. EVIDENCE — IDENTIFICATION EVIDENCE — EVIDENTIARY HEARING.

An evidentiary hearing to determine whether the in-court identification of a witness has an independent basis is required where pretrial identification procedures were unnecessarily suggestive and conducive to irreparably mistaken identification; however, where there is no showing that the pretrial identification was improper, no evidentiary hearing need be conducted and the credibility to be accorded to the in-court identification by a witness who had been unable to identify defendant prior to trial should be left to the jury.

4. PROSECUTING ATTORNEYS — PROSECUTOR'S REMARKS — EVIDENCE.

The failure of a prosecutor to present evidence which the prosecutor had stated would be submitted to the jury does not mandate reversal where the prosecutor has acted in good faith.

5. Evidence — Witnesses — Criminal Law — Prior Testimony.

The testimony given by a witness at a waiver of jurisdiction hearing in probate court may be used at the subsequent trial in circuit court where such witness exercises his constitutional right against self-incrimination and is thereby deemed to be unavailable to testify (MCL 768.26; MSA 28.1049, MRE 804).

6. Witnesses — Criminal Law — Juvenile Waiver Hearing Testimony.

Testimony given by a witness at a waiver of jurisdiction hearing in probate court is admissible in the subsequent trial in circuit court, since such hearing is not a disposition of a child within the meaning of the statute prohibiting the use in a circuit court proceeding of evidence secured in a disposition of a child under the juvenile code and suppression of such testimony would not further the purpose of that statute under such circumstances (MCL 712A.23; MSA 27.3178[598.23]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John A. Smietanka,* Prosecuting Attorney, and *Angela Baryames,* Assistant Prosecuting Attorney, for the people.

*Andrew J. Burch,* for defendant.

Before: R. B. Burns, P.J., and D. F. Walsh and MacKenzie, JJ.

R. B. Burns, P.J. Defendant was charged in connection with the perpetration of two separate robberies. The jury found defendant guilty of assault with intent to murder, MCL 750.83; MSA 28.278, and assault with intent to rob, MCL 750.89; MSA 28.284. The jury found defendant not guilty of armed robbery, MCL 750.529; MSA 28.797. The crimes were committed while defendant was a juvenile. The probate court waived jurisdiction over the defendant and allowed him to be tried as an adult. Four issues are raised on appeal, none of which warrant reversal.

The prosecutor's opening statement to the jury

is challenged by the defendant for allegedly inflaming the passion and prejudice of the jury. The prosecutor, in the opening address to the jury, stated:

> "*Ms. Nemesi:* May it please the court, Mr. Pennington, Mr. Marchione and ladies and gentlemen of the jury, the defendant, Daniel Ray Pennington, is in court today on three charges: The armed robbery of Kevin Colbert, the assault with intent to rob of Paul Ramsour while armed, and an assault with intent to murder Paul Ramsour. All three of these offenses took place on *one night, one night of terror,* if you will. That night was August 4th and the early morning hours of August 5th, 1978. For Kevin Colbert the *night of terror* began at about 2:00 a.m. He was working at that time at what used to be the Arco Station on Napier and Niles Avenue in the City of St. Joseph.
>
> \* \* \*
>
> "For Ramsour the *night of terror* began at about 3:30. Mr. Ramsour was at his place of business, Paul's Arco Fill-N-Shop in the City of New Buffalo, Berrien County, Michigan." (Emphasis added.)

Specifically, defendant objects to the references in the statement to a "night of terror" and the prosecutor's allusion to "other incidents". Defendant did not object to the opening statement prior to this appeal.

Even where a prosecutor's remarks are prejudicial, failure to object during trial precludes appellate review absent a miscarriage of justice. *People v Duncan,* 402 Mich 1, 15-16; 260 NW2d 58 (1977), *People v Hooks,* 101 Mich App 673, 677; 300 NW2d 677 (1980). Whether or not a miscarriage of justice occurred is assessed in light of the prosecutor's argument and conduct. *People v Hooks, supra,* 678. The likelihood that a cautionary instruction could have eradicated the prejudicial effect of the re-

marks, if the objection had been timely, also is to be weighed. *People v Duncan, supra,* 17.

Although the "manifest injustice standard" was promulgated in situations where the prosecutor's remarks in the closing argument were challenged, we find the same standard applies to statements made in the opening argument.

The rationale of this rule is that a case already fully tried should not be overturned based on an isolated incident during trial which could have been readily corrected by a cautionary instruction if a timely objection had been made. This consideration is the same whether the remarks were made during opening or closing argument. In those cases where a conviction has been overturned for prosecutorial remarks during opening statement, the issue was preserved for appeal so the manifest injustice standard did not have to be satisfied. *People v Wheaton,* 207 Mich 173; 173 NW 335 (1919).

Where the prosecutor appeals to the jury to perform a civic duty by convicting a defendant, the allowance of the prosecutor's remarks constitutes reversible error. *People v Biondo,* 76 Mich App 155; 256 NW2d 60 (1977). Here, the prosecutor's reference to a "night of terror" did not appeal to the jury's "civic duty" to return a conviction. Rather, it was a statement the prosecutor intended to prove during trial. Opening argument is the appropriate time to state the facts to be proven during trial. *People v Conte,* 104 Mich App 73; 304 NW2d 485 (1981), GCR 1963, 507.1.

The comment on the "other incidents" during the period in question was innocuous. The defendant was on trial for all the incidents during the time sequence of the two robberies. Only where references are to unrelated crimes has a conviction

been upset on appeal. *People v Farrar,* 36 Mich App 294; 193 NW2d 363 (1971).

Next, defendant claims that the judge erroneously refused to suppress the in-court identification of the defendant by a complaining witness who previously had difficulty identifying defendant at a photographic display and juvenile court waiver hearing. Defendant asserts that the complainant's pretrial exposure to the defendant was suggestive and therefore the court should have required a clear and convincing showing that the identification had an independent basis of support.

*People v Kachar,* 400 Mich 78; 252 NW2d 807 (1977), established that a conviction may be reversed if the pretrial identification is unnecessarily suggestive and conducive to irreparably mistaken identification. Once the pretrial identification procedures are shown to be prejudicial, an evidentiary hearing is required to determine if the in-court identification has an independent basis. *Kachar, supra.*

The record here does not reveal any improper conduct surrounding the photographic display and waiver hearing. It was not incumbent on the trial judge to conduct an evidentiary hearing to determine if the in-court identification had an independent basis. In *People v Davies,* 106 Mich App 351, 352; 308 NW2d 206 (1981), this Court concluded:

"Prior to trial, James Dickerson, an employee of the truck wash who was standing outside just prior to the robbery, was unable to identify defendant's picture during a photographic showup. Defendant argues therefore that Dickerson's subsequent in-court identification of defendant was improper. We disagree. Counsel was present at the showup, and the record indicates that it was not suggestive. We find no authority in support of defendant's contention that the in-court identification

was per se violative of due process or that the prosecution was required to establish an independent basis for the witness's in-court identification of defendant. See *People v Currelley,* 99 Mich App 561, 566; 297 NW2d 924 (1980)." (Footnote omitted.)

The complainant explained that although he was unable to identify the defendant before trial he could identify the defendant during trial because defendant's hair had grown to the length worn when the crime was perpetrated. In *People v Belenor,* 71 Mich App 10, 14; 246 NW2d 355 (1976), *rev'd on other grounds* 408 Mich 244; 289 NW2d 719 (1980), we held:

"It is granted that the cold record lends considerable weight to defendant's contention that his eventual identification lacked total credibility. Yet our system forces the belief that, absent extraordinary circumstances, a jury can tell who is lying and who is not. Whenever possible, the fact that witnesses were previously unable to identify a defendant should properly go to the credibility and not to the admissibility of subsequent positive in-court identifications. See *People v Harper,* 43 Mich App 500; 204 NW2d 263 (1972), *People v Tyrone Williams,* 37 Mich App 419; 195 NW2d 88 (1971). Our review of the record does not convince us that there has been a miscarriage of justice in this jury's apparent determination to believe the witnesses."

During the assistant prosecutor's opening statement the jury was informed that the codefendant would testify and inculpate the defendant. Defendant assigns error to this statement since the prosecutor was aware that the witness would exercise his right against self-incrimination. Defendant argues that prejudice, which could not be countered, resulted from the statement.

The general rule is that when a prosecutor states that evidence will be submitted to the jury,

which subsequently is not presented, reversal is not warranted if the prosecutor acted in good faith. *People v Moncure,* 94 Mich App 252; 288 NW2d 675 (1979), *vacated on other grounds* 409 Mich 905 (1980).

We find the prosecutor acted in good faith when referring to codefendant's testimony, since codefendant's thoughts were contained in a transcript from the waiver proceeding. The testimony of the codefendant was presented to the jury, as the prosecutor promised, albeit in the form of reading from the transcript from the juvenile waiver hearing.

The basis for the admission of the testimony was that the codefendant was found to be an unavailable witness as defined in MRE 804(a)(1), which provides:

*"Definition of unavailability.* 'Unavailability as a witness' includes situations in which the declarant—

"(1) is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of his statement".

Additionally, MRE 804(b)(1) states:

"(b) *Hearsay exceptions.* The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

"(1) *Former testimony.* Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered * * * had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination."

MCL 768.26; MSA 28.1049, which supplements the rules of evidence, provides:

"Testimony taken at an examination, preliminary hearing, or at a former trial of the case, or taken by deposition at the instance of the defendant, may be used by the prosecution whenever the witness giving such testimony can not, for any reason, be produced at trial."

In light of the statute this Court has found that when witnesses, who have previously testified, assert their constitutional right against self-incrimination, the proper procedure is to declare the witnesses unavailable. The testimony secured from the person during other hearings concerning the same matter then is submitted to the jury. *People v Pickett,* 339 Mich 294; 63 NW2d 681 (1954). This procedure is endorsed even if the defendant did not get a chance to cross-examine the witness. *People v Walter Moore,* 78 Mich App 294; 259 NW2d 351 (1977). See *People v Oaks,* 94 Mich App 745; 290 NW2d 70 (1980).

We recognize that MCL 768.26; MSA 28.1049 does not expressly provide that testimony elicited from a probate court waiver hearing may subsequently be employed by the prosecutor when witnesses invoke their rights against self-incrimination. However, the spirit of the statute extends to this situation. The protections afforded to the defendant at an examination or preliminary hearing, namely, the right to cross-examine witnesses and have counsel present, exist in a probate court waiver hearing.

The prosecutor did not act in bad faith. The law is established that a witness's prior testimony is admissible despite the invocation of the constitutional right against self-incrimination. In *People v Moncure, supra,* 261, this Court stated:

"Given the complexity of the hearsay rule and the

numerous exceptions thereto, we cannot say that the prosecutor acted in bad faith when, on opening statement, he referred to what Ms. Shields would say."

Here, the prosecutor was confronted with a complex evidentiary problem.

Alternatively, defendant argues that pursuant to MCL 712A.23; MSA 27.3178(598.23), the use of accomplice-witness's testimony secured in a juvenile jurisdiction waiver hearing is prohibited in a subsequent trial against the defendant as an adult. MCL 712A.23; MSA 27.3178(598.23) states:

"A disposition of any child under this chapter, or any evidence given in such case, shall not in any civil, criminal or any other cause or proceeding whatever in any court, be lawful or proper evidence against such child for any purpose whatever, except in subsequent cases against the same child under this chapter."

No Michigan case has previously analyzed the applicability of the statute to the particular situation before us. A juvenile court waiver hearing is conducted to determine if the probate court should sever jurisdiction over the juvenile. The waiver hearing serves to determine if there is cause to try the juvenile as an adult. It is not a disposition of a case against a juvenile.

The purpose of the statute is "to hide youthful errors from the full gaze of the public and bury them in the graveyard of the forgotten past". *People v Smallwood,* 306 Mich 49, 53; 10 NW2d 303 (1943). The objective is to prevent a juvenile court conviction from discrediting the individual subsequently due to his or her childhood actions. *People v Smallwood, supra,* 53.

In *People v Luther,* 20 Mich App 42; 173 NW2d

797 (1969),[1] we were concerned with a different situation. There, defendant's own testimony was sought to be used against him in the subsequent trial. Here, the situation more closely resembles the case in *People v Goolsby,* 48 Mich App 519; 210 NW2d 781 (1973). In *Goolsby* an accomplice was being tried as an adult. The trial judge refused to permit defense counsel to impeach a juvenile with prior testimony from a waiver hearing. This Court reversed, concluding:

"Upon balance, we are not disposed to permit a witness, whether an accuser or supporter, to shield his prior recorded testimony by the invocation of the challenged statute.

"The search for truth, as the avowed purpose of a criminal trial, mandates that a microscopic evaluation of the submitted testimony be conducted. When, as in the present case, the outcome depends entirely upon the credibility of the proffered witnesses, the comparison of prior testimony with present testimony creates a formidable vehicle for impeachment. Both the developing case law and a concern for the fair administration of justice support our interpretation which limits the effect of the challenged statute to juvenile defendants." *Id.,* 523.

Here, the testimony of the witness was sought to be used as substantive evidence rather than merely for impeachment purposes. However, we find *Goolsby* instructive. The protection of the statute was not meant to be used as a sword to thwart the fair administration of justice. It was not the prior testimony of the defendant that was admitted into trial. Therefore, the purpose of the statute is not abrogated by the admission of the witness's prior testimony.

Affirmed.

---

[1] The continued validity of *Luther* was challenged in *People v Goolsby,* 48 Mich App 519; 210 NW2d 781 (1973).